**HIGHLAND SUPPLY CORPORATION,**
**Plaintiff,**

v.

**REYNOLDS METALS COMPANY,**
**Defendant.**

**No. 63 C 53(2).**

United States District Court
E. D. Missouri, E. D.

Feb. 5, 1965

John C. Kappel, Kappel & Neill, St. Louis, Mo., Shipley, Akerman & Pickett, Washington, D. C., for plaintiff.

Lewis C. Green, Green, Hennings, Henry, Evans & Arnold, St. Louis, Mo., Gustav B. Margraf and W. Tobin Lennon, Richmond, Va., for defendant.

MEREDITH, District Judge.

This matter is pending before this Court on defendant's motion to dismiss or to strike plaintiff's amended and supplemental complaint. Also, on plaintiff's motion to compel answers to interrogatories and requests for admissions it served on defendant.

The first complaint filed by the plaintiff was based on § 4 of the Clayton Act (15 U.S.C.A. § 15), alleging violations of § 7 of the Clayton Act (15 U.S.C.A. § 18) and § 2 of the Sherman Act (15 U.S.C.A. § 2). This Court (221 F.Supp. 15) dismissed with prejudice the first complaint on the ground that plaintiff's private antitrust claims accrued more than four (4) years prior to the date on which plaintiff first had the right to

bring an action therefor; and as a consequence all such claims were barred by § 4(b) of the Clayton Act.

The Eighth Circuit Court of Appeals, (327 F.2d 725) affirmed this Court's ruling on dismissing the plaintiff's claim under § 7 of the Clayton Act (15 U.S.C.A. § 18). The Eighth Circuit said the date Reynolds acquired Arrow, August 31, 1956, and the date of Arrow's "price reduction", November 1957, were beyond the statute of limitations and the proceedings by the Federal Trade Commission was insufficient to toll the statute of limitations.

But, as to the alleged violation of § 2 of the Sherman Act, the Eighth Circuit remanded in order to give the plaintiff an opportunity to amend its complaint.

The only dates in the plaintiff's first complaint were the dates of "acquisition" and the "price reduction" which were clearly beyond the statute of limitations. The Eighth Circuit in remanding said that the plaintiff should be given an opportunity to amend its complaint in order to allege a violation of § 2 of the Sherman Act within the statute of limitations. 327 F.2d 725, at 732.

The plaintiff in his amended and supplemental complaint based on § 4 of the Clayton Act, realleges a violation of § 7 of the Clayton Act (15 U.S.C.A. § 18), and alleges a violation of §§ 1 and 2 of the Sherman Act (15 U.S.C.A. §§ 1 and 2).

The Eighth Circuit, as stated earlier, affirmed this Court's dismissal of the plaintiff's claim under § 7 of the Clayton Act, which the plaintiff has reasserted. Therefore, this Court will dismiss plaintiff's claim for the alleged violation of § 7 of the Clayton Act from plaintiff's amended and supplemental complaint.

The Eighth Circuit said that the first complaint by the plaintiff claiming a violation of § 2 of the Sherman Act was deficient because:

"It cannot be determined from the face of appellant's complaint when appellee's monopoly power ceased; or the impact duration thereof which appellant alleges caused it damage." 327 F.2d 725, 731.

In its amended and supplemental complaint, plaintiff brings its claim under § 2 of the Sherman Act within the statute of limitations by alleging in paragraph 21 the following:

"Since the date of acquisition *and continuing until the present time* defendant has, wrongfully and unfairly sought to achieve a dominant and monopoly position in the florist foil market." (Emphasis added.)

■ Accordingly, this Court will overrule the defendant's motion to dismiss plaintiff's claim alleging a violation of § 2 of the Sherman Act.

The plaintiff's supplemental claim alleges that Reynolds Metals Company and Arrow Brands, Incorporated, entered into an unlawful contract, combination and conspiracy on or about August 31, 1956, which is allegedly continued to the date of the filing of the amended and supplemental complaint. Said conspiracy is alleged to be an unreasonable restraint of the trade and commerce of florist foil and caused the following effects:

(a) A monopoly and a substantial lessening of competition in the florist foil market, thereby depriving the public of the benefits of a free competitive market within this line of commerce;

(b) Allowed Reynolds to achieve a dominant position in the florist foil market;

(c) Caused plaintiff to lose some customers altogether and suffer substantially lower sales to other customers;

(d) Prevented plaintiff from continuing its normal increase in volume of sales;

(e) Forced plaintiff to operate at a loss or at a substantially lower level of profit;

(f) Damaged plaintiff's prestige and reputation in the community and in the industry; and

(g) Prevented plaintiff from continuing in or initiating certain new

ventures at substantial monetary loss.

The defendant moves to dismiss the alleged violation of § 1 of the Sherman Act from the plaintiff's amended and supplemental complaint on two grounds: (1) that the claim fails to allege facts in restraint of trade, and (2) that the plaintiff failed to state a claim, because it alleges only one conspirator.

The defendant's theory on why the plaintiff failed to allege a "restraint of trade" under § 1 of the Sherman Act is on the ground there is not an allegation that consumers were injured. The defendant cites Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311 (1940), for authority and the following language from that case at page 497, 60 S.Ct. at page 994:

"[The acts prohibited by § 1 of the Sherman Act are those] which tend to raise prices or otherwise take from buyers or consumers the advantages which accrue to them from free competition in the market."

The Supreme Court was faced with the same question in Klor's v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959). The Supreme Court said that in pleading a violation of § 1 of the Sherman Act there does not have to be an allegation that the public is or conceivably may be ultimately injured. In footnote 7 on page 213, 79 S.Ct. on page 710, supra, the Supreme Court said:

"The court below relied heavily on Apex Hosiery Co. v. Leader, 310 U.S. 469 [60 S.Ct. 982, 84 L.Ed. 1311], in reaching its conclusion. While some language in that case can be read as supporting the position that no restraint on trade is prohibited by § 1 of the Sherman Act unless it has or is intended to have an effect on market prices, such statements must be considered in the light of the fact that the defendant in that case was a labor union. The Court in Apex recognized that the Act is aimed primarily at combinations having commercial objectives and is applied only to a very limited extent to organizations, like labor unions, which normally have other objectives. (Cases cited.) Moreover, cases subsequent to Apex have made clear that an effect on prices is not essential to a Sherman Act violation. See, e. g., Fashion Originators' Guild v. Federal Trade Commission, 312 U.S. 457, 466 [61 S.Ct. 703, 85 L.Ed. 949]."

After footnote 7 the Supreme Court said:

"Monopoly can as surely thrive by the elimination of such small businessmen, one at a time, as it can by driving them out in large groups. In recognition of this fact the Sherman Act has consistently been read to forbid all contracts and combinations 'which "tend to create a monopoly,"' whether 'the tendency is a creeping one' or 'one that proceeds at full gallop.' International Salt Co. v. United States, 332 U.S. 392, 396 [68 S.Ct. 12, 92 L.Ed. 20]."

Also, in I Toulmin's Anti-Trust Laws, § 22.32, supplement for 1964, at page 56, this is said about pleading § 1 of the Sherman Act in private antitrust cases:

"It has now been settled that a complaint need not allege injury to the public at large. See Radiant Burners, Inc. v. Peoples Gas, Light & Co., 364 U.S. 656, 81 S.Ct. 365, 367, 5 L.Ed.2d 358 (1961). It has been held that this decision 'would appear to eliminate public injury as a separate element in a Section 1 case.' Syracuse Broadcasting Corp. v. Newhouse, 295 F.2d 269 (C.A.2, 1961). See also discussion of Radiant Burners decision in 1961 Duke L.J. 302 (1961)."

The Eighth Circuit also cited the Radiant Burners case, supra, for the same proposition in its opinion in footnote 2, 327 F.2d 725, page 727.

This Court is of the opinion that the plaintiff has stated a claim upon which relief can be given under § 1 of the Sherman Act, because the claim meets

the requirements set out in the Radiant Burners case, supra, the Supreme Court, at page 660, 81 S.Ct. at page 367, said:

"Therefore, to state a claim upon which relief can be granted under that section, allegations adequate to show a violation and, in a private treble damage action, that plaintiff was damaged thereby are all the law requires."

The second reason given why the plaintiff's claim alleging a violation of § 1 of the Sherman Act should be dismissed is because it alleges only one conspirator.

The plaintiff alleges that defendant Reynolds, Arrow Brands and Arrow's president, Harry W. Roth, conspired to unreasonably restrain the florist foil trade. The alleged conspiracy is alleged to have its beginning on or about August 31, 1956, and continued to date of filing of this complaint. On August 31, 1956, defendant acquired Arrow Brands. The defendant contends that since the acquisition occurred more than four years prior to commencement of this action, it is barred by the statute of limitations. The defendant uses the Intra-Enterprise Conspiracy, which says generally that there cannot be a conspiracy between a corporation and its subsidiary. For a detailed analysis of this subject and the cases, see Stengel, Intra-Enterprise Conspiracy Under Section 1 of the Sherman Act, 35 Miss.L.J. 5 (1963).

It is the opinion of this Court that the Intra-Enterprise conspiracy is not applicable in this case, because the alleged conspiracy took place before the merger and the merger did not stop the conspiracy.

The Supreme Court in United States v. Yellow Cab Co., 332 U.S. 218, at 227, 67 S.Ct. 1560, at 1565, 91 L.Ed. 2010 (1947), said:

"The test of illegality under the Act is the presence or absence of an unreasonable restraint on interstate commerce. Such a restraint may result as readily from a conspiracy among those who are affiliated or integrated under common ownership as from a conspiracy among those who are otherwise independent. Similarly, any affiliation or integration flowing from an illegal conspiracy cannot insulate the conspirators from the sanctions which Congress has imposed. The corporate interrelationships of the conspirators, in other words, are not determinative of the applicability of the Sherman Act. That statute is aimed at substance rather than form."

Professor Stengel, in the Mississippi Law Journal, supra, at page 12, said:

"It seems that the decision in the Yellow Cab case was not based on intra-enterprise conspiracy, but on the fact that the integrated enterprise was the result of a conspiracy. In other words, there was a violation of Section 2 of the Sherman Act by attempting to monopolize. *Of course, corporate affiliation or integration flowing from an illegal conspiracy to monopolize does not insulate the conspirators from antitrust liability.*" (Emphasis added.)

The plaintiff alleged that the conspiracy continued to the date of filing the second complaint. Therefore, the statute of limitations does not bar this claim, because a conspiracy "is in effect renewed during each day of its continuance." Momand v. Universal Film Exchange, 43 F.Supp. 996, 1007 (D.C.Mass.1942), aff'd 172 F.2d 37 (1 Cir. 1948); cert. den. 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118 (1948); United States v. Borden Co., 308 U.S. 188, 202, 60 S.Ct. 182, 84 L.Ed. 181 (1939).

The defendant also objects to all claims other than § 2 of the Sherman Act, because it argues that the Eighth Circuit remanded this case for the limited purpose of stating a claim under § 2 of the Sherman Act. This Court is not of the opinion that the Eighth Circuit limited the remand to § 2 of the Sherman Act.

The defendant's motion to strike asks that allegations of matters which occur-

red more than four years prior to the filing of the complaint be stricken. It is obvious from this Court's rulings on the questions of dismissal that these dates are relevant, therefore, they will not be stricken.

Since this Court has dismissed plaintiff's claim alleging a violation of § 7 of the Clayton Act, all references to the Federal Trade Commission proceedings will be stricken from the complaint. Namely, paragraphs 19, 20, 27, 28, and 29.

The defendant also has moved to strike the following portions of paragraphs 12 and 14 on the ground they are conclusions of law:

"[t]he production and sale of florist foil to the florist trade is a 'line of commerce' within the meaning of Section 7 of the Clayton Act" (Paragraph 12).

"purchases of raw foil became merely an intracorporate bookkeeping transaction" (Paragraph 14).

This Court is of the opinion that the above conclusions of law are not unwarranted. Therefore, this Court will overrule defendant's motion to strike portions of paragraphs 12 and 14 of plaintiff's amended and supplemental complaint. 1A Barron and Holtzoff, Federal Practice and Procedure, § 367, states at page 478, the following:

"Unwarranted conclusions of law may be stricken but ordinarily an allegation is not subject to be stricken because it is a conclusion of law. On the contrary, the rules do not condemn conclusions of law but encourage them as at times the clearest and simplest way of stating a claim for relief."

Defendant also moved to strike paragraphs 17 and 18 of plaintiff's amended and supplemental complaint on the ground they are irrelevant, because they attempt to show the effects of the acquisition through comparison of a time after the acquisition with a time substantially prior to the acquisition. This Court is of the opinion that the above paragraphs are relevant. Therefore, the defendant's motion to strike paragraphs 17 and 18 of the plaintiff's amended and supplemental complaint is overruled.

This Court, after reading the plaintiff's interrogatories and requests for admissions, is of the opinion that the defendant's objections are without merit. Therefore, this Court will overrule defendant's objections to plaintiff's interrogatories and requests for admissions.

Accordingly, this Court will enter an order pursuant to the rulings in this memorandum.