245 F.Supp. 510 (1965)
HIGHLAND SUPPLY CORPORATION, Plaintiff,
v.
REYNOLDS METALS COMPANY, Defendant.
No. 63 C 53(2).
United States District Court E. D. Missouri, E. D.
September 9, 1965.
*511 John C. Kappel, Kappel & Neill, St. Louis, Mo., Shipley, Akerman & Pickett, Washington, D. C., for plaintiff.
Lewis C. Green, Green, Hennings, Henry, Evans & Arnold, St. Louis, Mo., Gustav B. Margraf and W. Tobin Lennon, Richmond, Va., for defendant.
MEREDITH, District Judge.
This matter is pending on plaintiff's motion for reconsideration of an order dismissing part of plaintiff's amended and supplemental complaint. (See 238 F.Supp. 561). Section 4 of the Clayton Act (15 U.S.C.A. § 15) gives a private person a right of action for treble damages for injury to "his business or property by reason of anything forbidden in the antitrust laws * * *." Plaintiff's original complaint alleged injuries resulting from Reynolds' alleged violations of § 7 of the Clayton Act (15 U.S. C.A. § 18) and § 2 of the Sherman Act (15 U.S.C.A. § 2). These claims were based on Reynolds' acquisition of Arrow Brands, Inc., one of plaintiff's competitors, in 1956, and a subsequent across-the-board price reduction in 1957. This Court held (221 F.Supp. 15) that plaintiff's claims were barred by the four year statute of limitations established by § 4B of the Clayton Act (15 U.S.C.A. § 15b). A Federal Trade Commission proceeding instituted against Reynolds in 1957 was held not to be a "civil or criminal proceeding" which would toll the statute of limitations under § 5(a) of the Clayton Act (15 U.S.C.A. § 16 (a)). The Eighth Circuit Court of Appeals (327 F.2d 725) affirmed this holding but remanded the case to give plaintiff an opportunity to amend its complaint to bring the alleged § 2 Sherman Act violation within the statute of limitations.
Plaintiff's amended complaint alleged violations of § 7 of the Clayton Act (15 U.S.C.A. § 18) and §§ 1 and 2 of the Sherman Act (15 U.S.C.A. §§ 1, 2). In view of the Eighth Circuit ruling, the § 7 Clayton claim was dismissed and all references to the FTC proceedings were ordered stricken (238 F.Supp. 561). Plaintiff's motion for reconsideration is predicated on a subsequent ruling by the Supreme Court in Minnesota Mining and Manufacturing Co. v. N. J. Wood Finishing Co., 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1965), that FTC proceedings toll the running of the § 4b statute of limitations. Accordingly, *512 plaintiff contends it is now entitled to plead the FTC proceedings and assert its § 7 Clayton claim.
In opposing this motion, defendant contends there can be no private right of action based on § 7 of the Clayton Act and calls our attention to footnote 3 of the Eighth Circuit's previous decision in this case, 327 F.2d 725, 728:
"We think that any effort to convert Section 7 of the Clayton Act into a per se violation of the antitrust laws so as to give rise to a private right of action under the Clayton Act has been squarely checked by what is said by Mr. Chief Justice Warren in Brown Shoe Co. v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510. As interpreted in that case, Section 7 of the Clayton Act does not condemn all mergers, but only those having demonstrable anti-competitive effects. The statute deals with clear-cut menaces to competition, not with accomplished monopolies, presently creating damage to a competitor, which is the sine qua non of a private right of action under Section 5 (sic) of the Clayton Act.
"That no private right of action accrues from such a violation, see: Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656 (9 Cir. 1963); United States v. Continental Can. Co., D.C., 217 F. Supp. 761, 767 (1963); United States v. Ingersoll-Rand Co., et al., 218 F.Supp. 530 (W.D.Penna.1963), aff'd 320 F.2d 509 (3 Cir. 1963); Gottesman v. General Motors Corp., 221 F.Supp. 488 (S.D.N.Y.1963)."
The defendant contends this is a clear ruling by the Eighth Circuit and must be accepted as the law of this case. Plaintiff contends this footnote is merely dicta and, at any rate, can be construed to stand for the simple proposition that plaintiff must show that he has been injured as a result of the § 7 Clayton violation. Plaintiff also contends that the Supreme Court decision in the Minnesota Mining case, supra, tacitly recognizes the existence of a private right of action based on § 7 of the Clayton Act.
It is clear that the Minnesota Mining decision does not rule on the issue before this Court. The complaint in that case included alleged Sherman Act violations, as well as the § 7 Clayton violation. The Supreme Court narrowly limited its ruling to the issue of tolling the statute of limitations. Absent a controlling Supreme Court ruling, this Court is required to give great weight to the pronouncements of our Court of Appeals, even though they appear by way of dictum. While not excused from making an independent examination of the precise issue presented, "(w)e cannot assume that our Court of Appeals writes merely for intellectual exercise." Dunning v. United States, 232 F.Supp. 915, 923 (W.D.Mo.1964); Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 103, 57 S.Ct. 356, 81 L.Ed. 532 (1937); Fix Fuel and Material Co. v. Wabash R. Co., 243 F.2d 110 (8 Cir. 1957). An evaluation of the issue presented is necessary to determine the exact meaning of the aforementioned Eighth Circuit footnote.
There are three elements that must be alleged and proved in private treble damage actions under § 4 of the Clayton Act:
"(1) That the defendant has violated the anti-trust laws; (2) that plaintiff has suffered an injury to his business or property susceptible of being described with some degree of certainty in terms of money damages; and (3) that a causal connection exists between the defendant's wrongdoing and the plaintiff's loss." Continental Ore Co. v. Union Carbide and Carbon Corp., 289 F.2d 86 (9 Cir. 1961).
Plaintiff's claim clearly alleges the first two elements. Section 7 of the Clayton Act is one of the "antitrust" laws as defined in 15 U.S.C.A. § 12. At issue is the third element, the requirement that the alleged injury be "by reason of anything forbidden in the antitrust laws * * *." 15 U.S.C.A. § 15. The problem *513 arises because a plaintiff cannot allege that he has been injured solely by a merger or acquisition which has potential prohibited effects. Instead he must allege that he has been injured by such a merger and subsequent activities. This issue of proximate cause, in the context of § 7 Clayton violations, has been dealt with in two recent cases. In Bailey's Bakery, Ltd. v. Continental Baking Co., 235 F.Supp. 705 (D.Hawaii 1964), it was held that no private right of action can accrue from a violation of § 7 Clayton.
"As has been said many times, Clayton § 7 supplements the Sherman Act and was intended primarily to arrest apprehended relationships before those relationships could work their evil.
* * * * *
"The prohibitory sanctions of Clayton § 7 are triggered to explode by and at the moment of acquisition. That, after the moment of acquisition, subsequent business practices do injure competitors in that market does not, because of those subsequent injurious acts, give rise to a claim for treble damages under Clayton § 7." (l. c. supra, at 716-717)
This grudging application of the requirement of causation, previously expounded in Gottesman v. General Motors, supra, was rejected in Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521 (S.D. N.Y.1965). The Ames Court distinguished Gottesman, supra, the Eighth Circuit discussion on the prior appeal of this case (327 F.2d 725), and Bailey's Bakery, supra, as follows:
"The rationale of each of these decisions would appear to be this: At the time of the alleged acquisition, a lessening of competition or a monopoly need not already have occurred, for Section 7 is violated merely by the probability that such a lessening of competition or monopoly may occur in the future. Therefore, plaintiff is not injured at the moment of acquisition. His damage will occur, if at all, only in the future, when the lessening of competition or the monopoly actually manifests itself. Consequently, at the moment of acquisition, plaintiff's damages are purely speculative and hence he cannot recover.
"In the case before me, however, a different situation is presented. Plaintiffs have lost their distributorships. They lost them, according to the complaint, substantially at the moment when defendant acquired Calnail. Since, by hypothesis upon this motion, the acquisition of Calnail was illegal, defendant's illegal act has caused plaintiffs immediate and present damage." (l. c. supra at 524)
Assuming the precise "time oriented" approach of the Ames decision to be valid, our plaintiff's amended complaint would be deficient for failure to assert acts causing injury nearly simultaneously with the acquisition. But, such an approach clearly creates a false issue. The crucial matter remains that the prohibited acquisition, standing alone, caused no present, compensable injury. If the policy of causation in treble damage actions is to encompass injuries resulting from acts made possible by a violation of § 7, the horizon would not be restricted simply to acts and injuries nearly simultaneous with the prohibited acquisition. There are significant arguments to support the position that the necessary presence of subsequent, intervening activities should not automatically insulate the illegal acquisition from the alleged injury. Foremost is that private injunctive relief is available under § 16 of the Clayton Act (15 U.S.C.A. § 26) for threatened violations of § 7 Clayton, American Crystal Sugar Co. v. Cuban-American S. Co., 259 F.2d 524 (2 Cir. 1958) Section 16 of the Clayton Act grants private injunctive relief "against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title * * *." This would appear to be an explicit answer to our proximate cause issue: *514 if a person can suffer threatened loss by reason of a violation of § 18 (§ 7 Clayton), then surely he can be "injured in his business or property by reason of" that which is prohibited by § 7. This logic can be answered only by arguing that the enumeration of specific sections in § 16 Clayton distinguishes it from § 4 Clayton and that § 4 should be strictly construed in view of the drastic and unusual nature of the treble damage remedy. Twin Ports Oil Co. v. Pure Oil Co., 119 F.2d 747, 751 (8 Cir. 1941).
It is clear to this Court that the Eighth Circuit was well aware of the exact dimensions of this issue of causation when it stated that a private right of action could not accrue from a violation of § 7 Clayton. It has chosen to apply a narrow concept of causation and this Court must defer thereto. The § 7 Clayton claim was properly dismissed.
Plaintiff also asks this Court to reconsider the order striking paragraphs 19 and 20 of its amended complaint. Paragraph 19 recited that the Federal Trade Commission issued a complaint against Reynolds in December 1957 alleging that the acquisition of Arrow constituted a violation of § 7 Clayton and in 1960 ordered divestiture. Paragraph 20 recited that Reynolds petitioned the Court of Appeals for the District of Columbia to review the FTC order and that in 1962 the Court modified, and, as modified, affirmed the Commission's order. These paragraphs were ordered stricken because the § 7 Clayton claim was dismissed and the four year statute of limitations was held to apply. The Minnesota Mining case, supra, establishes that an FTC proceeding will toll the statute of limitations as to any matter complained of therein. The Supreme Court also held that Sherman Act claims based in part on an acquisition would relate to the "matter complained" of in an FTC complaint based on § 7 Clayton. While this Court's previous order allows the pleading of activities occurring more than four years prior to this suit, yet plaintiff's cause of action was held to be limited by the four year statute of limitations. Accordingly, plaintiff must now be allowed to plead the dates of the FTC proceedings, including the appeal, and the nature of the matter before the Commission. To hold otherwise would be to preclude from consideration a significant portion of plaintiff's cause of action. However, paragraphs 19 and 20 of plaintiff's amended complaint also make impermissible reference to the outcome of the previous FTC proceedings. The Supreme Court opinion in Minnesota Mining detracts nothing from the Eighth Circuit's opinion (327 F.2d 725, 730) that FTC decrees would not be admissible as evidence in subsequent private actions. Therefore, any reference to the outcome of the FTC proceedings would be immaterial and highly prejudicial to defendant. Accordingly, plaintiff is permitted to amend paragraphs 19 and 20, expunging the prohibited references, in accordance with this memorandum.