Samuel ROSEN, doing business as J. & H. Service Station, Plaintiff,

v.

The TEXAS COMPANY, Defendant.

United States District Court
S. D. New York.

April 16, 1958.

Abraham Pollock, New York City, for plaintiff.

Milton Handler and Amzy B. Steed, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves for orders (1) under Rule 12(b) F.R.Civ.P., to dismiss this action for failure of the complaint to state a claim upon which relief can be granted, and, in the alternative (2) under Rule 12(f), to strike out a certain allegation as redundant, a conclusion of law and scandalous, and (3) under Rule 12(e), for a more definite statement.

Plaintiff sues for treble damages alleged to have resulted from a violation of the Robinson-Patman Act, 15 U.S.C. § 13. The complaint alleges that plaintiff maintains a gasoline station in Nassau County, that defendant sells gasoline "in various states of the United States as well as New York State", that defendant has unlawfully discriminated in price among "gas stations similar to plaintiff's all operating in the County of Nassau and adjoining counties", that plaintiff has been injured and that the discrimination "destroys competition and restrains trade and tends to create monopoly".

Under a system of procedure where the function of pleading was to reach and define the issues or to develop

the facts a glance would suffice to demonstrate the insufficiency of the complaint. That is not, however, the function of pleading under the Federal Rules of Civil Procedure. As the Supreme Court said in Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451, "The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial."

Nevertheless Rule 8(a) requires that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and subsequent rules speak of the defense of "failure to state a claim upon which relief can be granted". Rules 12(b), 12(h).

Even after a score of years of experience it is still doubtful just how much a complaint must state to avoid dismissal. The forms of complaint contained in the appendix to the Rules pursuant to Rule 84 are, in general, the forms which would have been used under the old system of pleading in the absence of the old rule against pleading conclusions. Nothing essential to the plaintiff's recovery is omitted except details. The litigants have, however, failed to follow these good examples and have been upheld by the courts in their failure. The principle is now expressed by many courts by the statement that a complaint will not be dismissed for failure to state a claim on which relief can be granted "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2 Moore's Federal Practice, 2nd Ed. § 12.08, p. 2245.

This would seem to mean that all a plaintiff need state is what he wants from the court, but the Advisory Committee on the Rules seems to cling to the words of Rule 8(a) that the pleader must show that he is entitled to relief. In the Advisory Committee's Report of Proposed Amendments, October 1955, pp. 18–19, and Preliminary Draft, May 1954, pp. 8, 9, as a note explanatory of Rule 8(a)(2), the Committee stated its opinion that

Rule 8(a) "requires the pleader to disclose adequate information as to the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it".

Evidently the pleader must do something more than avoid saying anything that would make it appear "to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim". He must "disclose adequate information as to the basis of his claim for relief".

The Federal Rules of Civil Procedure contain no statement of the function of pleadings under them and, so far as I can gather, the appellate courts have not yet produced a body of authority sufficient to answer that question. Until such a body of authority has been produced the lower courts will have to proceed upon precedent rather than principle. That I shall attempt to do.

■ Defendant's main attack upon the complaint is based on its failure to state that the commerce with plaintiff in which the alleged wrongs were committed was interstate commerce. The complaint does, however, say that defendant sells "gasoline, oil and sundry products for automobiles to gasoline stations in various States of the United States, as well as New York State." The theoretical possibility that, under this allegation, all of the products had their origin in New York so that defendant's New York business was intra-state is so remote as to be negligible. There is thus an allegation that defendant is engaged in interstate commerce and the only defect is a failure to state that its commerce with plaintiff in which the alleged wrongs were committed was interstate. The Rules certainly contemplate that such an allegation would be appropriate. Form 14 in the Appendix, entitled "Complaint for Negligence under Federal Employer's Liability Act [45 U.S.C.A. § 51 et seq.]", alleges not only that the employer was engaged in interstate commerce but that the injured employee was so engaged. Nevertheless the complaint

here is exactly like that in United Grocers' Company v. Sau-Sea Foods, D.C.S.D.N.Y., 150 F.Supp. 267, and the holding in that case that the defect was fatal was disapproved by the Court of Appeals in Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319, 322, 324, 325.

■ In addition, in support of its motion based on alleged failure to state a claim, defendant urges that the complaint does not state that there was a competitive relationship between plaintiff and the allegedly favored customers or state that the anti-competitive effects prohibited by the statute have resulted or specify a time when the unlawful events occurred. As authority for this position few cases in the Supreme Court or this circuit are cited and none of those involve pleading. Insofar as these omissions from the complaint exist none of them make it appear "to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" nor do they result in failure to "disclose adequate information as to the basis of his claim for relief".

The motion to dismiss for failure to state a claim is therefore denied.

■■ The allegation that defendant wants stricken out is "That the defendant has unlawfully discriminated in price". The complaint alleges that jurisdiction is based on title 15 sections 13 and 13a of the U.S.Code. Section 13 makes it unlawful "to discriminate in price between different purchasers". Plaintiff's allegation that defendant "has unlawfully discriminated in price", continues: "in that defendant has sold gasoline of the same quality and grade to other gas stations" and so on through a catalogue of alleged wrongs. This allegation that these wrongs constitute unlawful price discrimination may be redundant and a conclusion of law and may even be scandalous if untrue but the rule is that motions to strike will be granted only where the answering pleader is prejudiced by the presence of the offending matter. American Machine & Metals v. De Bothezat Impeller Co., D.C. S.D.N.Y., 8 F.R.D. 306. Certainly defendant is not prejudiced by this allegation of plaintiff's claim in the words of the statute on which plaintiff relies.

The motion to strike is denied.

■■ Defendant's next motion is the one prescribed in Rule 12(e) which permits a motion for "a more definite statement" if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

What a pleader is required by the Rules to say is so little that it is hard to see why he should be required to make that little more definite. Under the Federal Rules of Civil Procedure, however, denials are not perfunctory. Rule 11 requires that a pleading must be signed by counsel and counsel's signature constitutes a certificate "that to the best of his knowledge, information, and belief there is good ground to support it". Thus an answering pleader must satisfy himself as to every allegation that it is either false, true or so clearly immaterial that he can safely fail to deny it and thus admit it. It is hard to tell whether a vague or ambiguous allegation is or is not material.

There is nothing here so vague or ambiguous that defendant cannot reasonably be required to frame a responsive pleading.

■ Defendant complains of the omission of any allegation as to the time when the acts complained of occurred. All of the forms in the Appendix allege the pertinent dates but the fact that an allegation is contained in one of the forms does not mean that it is essential. See the above referred to disapproval of United Grocers' Company v. Sau-Sea Foods, D.C.S.D.N.Y., 150 F.Supp. 267, by Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319. Nevertheless it is said that defendant needs to know the dates on which the wrongs are claimed to have been committed in order to decide whether to plead the statute of limitations. It will do no harm to have pleaded the

statute of limitations even if it turns out that the claimed wrongs were committed within the unaffected period. No ethical problem will be presented by the requirement of counsel's signing the answer since counsel can avail himself of the hypothetical allegations permitted by the Rules. See Rule 8(e)(2). The lack of dates does not prejudice defendant.

No other claimed instance of such vagueness and ambiguity that defendant could not reasonably be required to frame a responsive pleading merits discussion.

The motion to make more definite is denied.

These motions have, all to no purpose, consumed a large amount of time of counsel for defendant in making them, of counsel for plaintiff in opposing them and of the court in considering and determining them and the progress of the litigation has been correspondingly delayed. It is my personal belief that the profession would do well to accept the fact that little can be accomplished by motions on the pleadings. The very uncertainty as to what constitutes a statement of a "claim upon which relief can be granted" demonstrates the unimportance of the question. We all should realize that the place of pleadings and motions thereon has been taken by interrogatories, depositions and discovery.

Defendant moves also for summary judgment on the ground of failure to join the two partners of plaintiff Samuel Rosen. Plaintiff, in the caption of the summons and complaint describes himself as "doing business as J. & H. Service Station". Defendant has filed an affidavit stating that, according to a "Certificate of Persons Conducting Business as Partners" filed pursuant to section 440 of the New York Penal Law, N.Y. Consolidated Laws Chap. 40, plaintiff and two other persons conduct business as partners under the name of J. & H. Service Station. Plaintiff states in a memorandum that he moves to amend the complaint by adding the others as parties plaintiff.

The motion to dismiss for failure to join necessary parties is granted unless within ten days after a note of this decision is published in the New York Law Journal, plaintiff serves and files an amended complaint adding Jack Rosen and Herman Rosen as parties plaintiff. Leave to serve and file such an amended complaint is hereby granted.

So ordered.