**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**INSURANCE AGENTS' INTERNATIONAL UNION (AFL–CIO)**
and
**Local 19 of Insurance Agents' International Union (AFL–CIO), Defendants.**

United States District Court
S. D. New York.
Jan. 22, 1959.

Silver, Bernstein, Seawell & Kaplan, New York City, for plaintiff.

Irwin E. Schlussel, Pofcher, Schlussel & Katcher, New York City, for defendants.

Isaac N. Groner, Washington, D. C., of counsel.

DIMOCK, District Judge.

This is a motion to dismiss the complaint for failure to state a claim. The action is one by an employer against an international union and a local of that union for a declaratory judgment that certain acts alleged in the complaint constitute material breaches of a collective bargaining agreement between the employer and the international.

Jurisdiction is invoked under the Labor-Management Relations Act of 1947, Section 301(a), 29 U.S.C. § 185(a), and the declaratory judgment provisions of the Judicial Code, 28 U.S.C. §§ 2201, 2202.

The only point worthy of discussion raised by defendants is that the case is not a proper one for declaratory relief.

■■ It is said that the complaint is defective because it is not alleged that there is any dispute as to whether the

acts alleged constitute material breaches of the contract. It is true that there is no such allegation in the complaint. Under the law in this circuit, however, it is not necessary that a complaint allege all of the ultimate facts which the plaintiff would have to prove in order to succeed. A complaint may be dismissed only if it fails to disclose adequate information as to the basis of the claim for relief or if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Rosen v. Texas Company, D.C.S.D.N.Y., 161 F. Supp. 55, 57. The basis of plaintiff's claim is adequately disclosed. The omission of the allegation could be supplied by evidence. All that plaintiff would have to do to supply the alleged omission would be to introduce evidence that defendants dispute the charge that the alleged acts constitute breaches of the contract. The omission does not render the complaint defective.

Defendants go on to say that the court should dismiss the complaint "because the declaration demanded cannot resolve all possible differences between the parties and can serve no useful purpose."

■ It is a good deal to ask of any lawsuit that it must resolve all possible differences between the parties. Without considering whether other differences may exist which will not be resolved by a declaration that the enumerated acts constitute material breaches, I reject the argument that, unless the declaration will resolve all possible differences, the complaint must be dismissed.

The question whether the declaration will serve any useful purpose is another matter. I could wish that plaintiff had stated in the complaint why the declaration would be useful. Again, however, I can dismiss the complaint only if, with-

in it, plaintiff cannot prove any useful purpose which could be served by the declaration. In other words is it impossible to conceive of a state of facts in which the declaration would be useful?

■ The answer is no. For instance, either party may put an end to the current collective bargaining agreement on July 9, 1959 by giving a sixty day notice. Plaintiff may well wish to terminate the agreement and negotiate a new one if the present one permits the acts which it claims to be material breaches.

■ I am supported in the conclusion that my discretion should be exercised in favor of a declaratory judgment by the words of Congressman Hartley quoted by the Supreme Court in Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 455, 456, 77 S. Ct. 912, 1 L.Ed.2d 972. He said, in answer to a question on the floor of the House, that the proposed Labor-Management Relations Act contemplated proceedings under the declaratory judgment act in order to secure declarations from the court of legal rights under the contract.

■ It seems to me that courts in exercising their discretion in declaratory judgment cases ought to be particularly liberal where labor relations are involved. The most serious defect in the current trial-by-battle method of resolving disagreements between labor and management is that the method has no natural tendency to attain a reasonable result. The courts should welcome the opportunity to act in every case where, under the law, they can substitute a decision based on reason for one based upon the relative might of the contenders.

Motion denied.

So ordered.