Duffie H. WESTHEIMER, acting in her own behalf, and on behalf of all others similarly situated, Plaintiff,

v.

Charles BENNETT, Brown Brothers Harriman & Co., Fahnestock & Co., Charles S. Greene, J. Lewis Henry, individually and as Chairman of the Stockholders Committee of Fleming-Hall Tobacco Co., Inc. (Liq.), E. F. Hutton & Co., Jaw & Co., Kean Taylor & Co., Marvin H. Chandler, Alexander Korn, Sol C. Korn, Kuhn, Loeb & Co., Merrill Lynch, Pierce, Fenner & Smith, Ann Leff Millstein, Gilbert D. Roulston, L. F. Rothschild & Co., and The Standard Commercial Tobacco Co., Inc., Defendants.

United States District Court
S. D. New York.
March 26, 1959.

Samuel Becker, New York City, for plaintiff.

Rubin & Rubin, New York City, for defendant, Jaw & Co., Martin S. Ackerman, New York City, of counsel.

DIMOCK, District Judge.

Plaintiff sues on behalf of herself and all other former preferred stockholders of Fleming-Hall Tobacco Co., Inc. Among the defendants are former common stockholders of that corporation. The complaint alleges that, on dissolution of the corporation, its assets were distributed to its preferred and common stockholders but that the Commissioner of Internal Revenue has initiated transferee proceedings and notified substantially all of the stockholders of a proposed assessment against each in the amount of the liquidating dividend received. The amount of the tax due from the corporation is alleged to be $252,731.-12. The amount received by the common stockholders was $1,305,937.50. The amount received by the preferred stockholders was $1,882,500. The complaint alleges that, under the law of the State of Delaware, where the corporation was incorporated, and under the provisions of the certificate of incorporation, the common stockholders as a class were under a primary obligation to discharge the unpaid tax liability of the corporation and the preferred stockholders as a class were entitled to be relieved by the common stockholders as a class from the vexation and burden of the transferee liability proceedings.

Defendant Jaw & Co., a common stockholder, moves to dismiss the complaint for failure to state a claim under which relief can be granted.

■■ The motion must be denied in the light of the liberal rule that a complaint must not be dismissed if it discloses adequate information as to the basis of the claim for relief and it does not appear to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Rosen v. Texas Company, D.C.S.D.N.Y., 161 F.Supp. 55.

■ The moving defendant makes the point that one whose obligation is secondary is not entitled to recover from the person primarily liable until he has paid. While not directly alleged, it sufficiently appears that plaintiff has not paid any part of the tax. Nevertheless payment by the secondary debtor is not always a necessary condition to rights against the primary one. See Admiral Oriental Line v. United States, 2 Cir., 86 F.2d 201. I cannot say that facts could not be proved within the framework of the complaint which would entitle the plaintiff preferred stockholder either individually or as a member of a class to some relief against the moving defendant common stockholder either individually or as a member of a class.

■ The suit seems to be a bona fide attempt to solve, as between the stockholders, the problem created by the indiscriminate exercise of the right of the Commissioner of Internal Revenue to enforce the tax lien against such stockholders as he can reach. Plaintiff does not have to state any proposed solution in advance. The failure to spell out any such solution in the demand for relief is immaterial. Schwartz v. Eaton, 2 Cir., 264 F.2d 195. Enough has been stated to set the judicial process in motion. Whether anything can be accomplished remains for determination in post-pleading proceedings.

St. Lewis v. Morrison, D.C.W.D.Ky., 50 F.Supp. 570, cited in support of the motion to dismiss, was decided at a time and in a circuit where pleading was taken much more seriously than it is now in this circuit.

Motion denied.

So ordered.