LEHMANN TRADING CORPORATION, Ghana Philatelic Agency, Ltd., Togo Philatelic Agency, Ltd., and Suriname Philatelic Agency, Ltd., Plaintiffs

v.

J & H STOLOW, INC., Fatoullah & Lazar, Inc., Khanbaba Fatoullah and Nedjat Lazar, individually and as co-partners doing business as Fatoullah and Lazar, Francis J. Parker and Marian Parker, individually and as co-partners doing business as Tribune Stamp Co., Jack Kantor, doing business as Kent Stamp Company, Leonid Tankel, doing business as General Stamp Co., John H. Lepane, Jack Rubin and Julius H. Stolow, Defendants.

United States District Court
S. D. New York.
May 27, 1960.

Lester Lewis Jay, New York City, for plaintiffs.

Rosenman, Goldmark, Colin & Kaye, New York City, Asa D. Sokolow, New York City, of counsel, for all defendants except defendant Leonid Tankel, d/b/a General Stamp Co.

DIMOCK, District Judge.

Plaintiffs in this private antitrust action move under Rule 12(f), F.R.Civ.P., to strike certain defenses as "insufficient in law". As enumerated in defendants' answer these defenses are:

*"Second Defense*

"13. The complaint fails to state a claim against any of the defendants upon which relief can be granted.

*"Third Defense*

"14. Plaintiffs have participated to such an extent in the activities complained of and have so enjoyed the benefits thereof, and have themselves so violated the antitrust laws, as to be disentitled from maintaining any of the alleged rights of action set forth in the complaint.

*"Fourth Defense*

"15. Plaintiff Lehmann Trading Corporation has failed to state any claim in the complaint against the defendants upon which relief can be granted. Plaintiff, as a stockholder, has not suffered any injury to its business or property within the meaning and intent of the antitrust laws by reason of any alleged violations of these laws by any of the defendants."

■ A defendant has a choice of two ways to raise the point of failure of the plaintiff to state a claim upon which relief can be granted. He may, under Rule 12(b), F.R.Civ.P., assert the "defense" by motion. This motion need do no more than use the words of the rule. Form 19, Appendix of Forms, F.R.Civ.P. Defendant may, in the alternative, under Rule 12(h), make the "defense" at the trial on the merits.

Rule 12(b) (6) permits a defendant to assert in his answer the "defense" of failure to state a claim upon which relief can be granted. Form 20 gives the same form for the defense as Form 19 gives for the motion. This privilege to state the defense in the answer does not enlarge the rights of the defendant but serves as an invitation to the plaintiff to test the sufficiency of the complaint in advance of trial by moving under Rule 12(f) which empowers the court on such a motion to "order stricken from any pleading any insufficient defense". Plaintiffs have made such a motion here.

■ Defendants do not accept this conclusion that such a motion raises the question of the validity of the complaint. They argue that on such a motion the only question presented is whether the defendants have correctly copied out the words of the rule "failure to state a claim upon which relief can be granted". I do not believe that the rules contemplate any such idle ceremony. A plaintiff's motion under Rule 12(f) to strike out as insufficient a defense that the complaint does not state a claim upon which relief can be granted presents the question whether the defense is insufficient because the complaint is sufficient. See Ferreira v. Sawayama-Kisen K.K., D.C.S.D.N.Y., 171 F.Supp. 96.

■ I must therefore proceed to the question of the sufficiency of the complaint. According to the complaint, which asks for an injunction and damages, plaintiffs are agent and subagents of certain foreign governments for the sale of stamps. The unlawful activities alleged against defendants are a conspiracy to induce and compel plaintiffs to grant them discriminatorily lower prices in the sale of stamps than charged to defendants' competitors, to destroy the good will and business of plaintiffs, to eliminate plaintiffs from the stamp vending industry, and to destroy the value of the stamps dealt in by plaintiffs. Plaintiffs also allege certain overt acts in furtherance of the conspiracy.

It is idle to attack such a complaint in an antitrust case in this circuit. Nagler v. Admiral Corporation, 2 Cir., 248 F.2d 319; see also Rosen v. Texas Company, D.C.S.D.N.Y., 161 F.Supp. 55.

The motion to strike out the second defense is granted.

■ Plaintiffs argue that the allegations of the third defense are insufficient even to give notice of the defendants' position. I have no doubt that the requirements for an affirmative defense are no more stringent than those for a complaint. On that analogy a defense is good unless it appears to a certainty

that plaintiffs would succeed despite any state of facts which could be proved in support of the defense. See Rosen v. Texas Company, supra. The third defense passes that test.

Plaintiffs also say, in attacking the third defense, "It is well settled law that a claim of antitrust law violation against a plaintiff is not a defense to a charge of antitrust law violation brought by a plaintiff against a defendant". All of the cases, however, which they cite in support of this proposition are distinguishable from the case at bar. In none of them was there claimed as is here that plaintiffs participated in the very acts complained of. On the other hand defendants have cited cases in which plaintiffs were claimed to be parties to the alleged illegal acts. These are Pennsylvania Water & Power Co. v. Consolidated G. E. L. & P. Co., 4 Cir., 209 F.2d 131, certiorari denied 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104; H. & A. Selmer, Inc. v. Musical Instrument Exchange, D.C.S.D.N.Y., 154 F.Supp. 697. In each of these cases the court admitted that the defense of unclean hands had been greatly restricted but held that the defense of "in pari delicto" was still available and applied where the plaintiff was a party to the alleged illegal conspiracy forming the basis of the claim. See also New York Credit Men's Adjustment Bureau v. Bruno-New York, Inc., D.C.S.D.N.Y., 120 F.Supp. 495. Since the defense here admits of the construction that plaintiffs were parties to the alleged misconduct, the defense should stand. Plaintiffs state that these acts could not have been joined in by them "unless they were contemplating economic suicide, and even if engaged in could not have produced 'benefits' for the plaintiffs." Defendants counter by saying that it may develop at trial that plaintiffs granted discriminatorily lower prices to sell more stamps and make more profits. Whether or not plaintiffs discriminated or agreed to do so willingly or under coercion involves factual determinations that must await the taking of evidence. The third defense will not be stricken.

The fourth defense is similar to the second defense except that it particularizes a manner in which the complaint is said to fail to state a claim upon which relief can be granted. The motion, like the motion to strike the second defense, raises the question of the validity of the complaint. Plaintiffs do not dispute the proposition urged by defendants that a plaintiff cannot recover under the antitrust laws for injuries incurred in his capacity as a stockholder. Under our liberal rules of pleading, however, proof that plaintiff Lehmann Trading Corporation suffered injuries in some other capacity would be admissible under the allegations of the complaint. The motion to strike the fourth defense is granted.

So ordered.