**SALEM PRODUCTS CORP., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Feb. 7, 1961.

---

2. Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., supra. 12 F.R.D. at page 538.

Posner & Elman, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, for United States. Lola S. Lea, Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

Plaintiff and defendant both move for summary judgment. The sum sought to be recovered is alleged to have been exacted by the Government on the ground that plaintiff had received an overpayment in that amount on account of a government contract performed by plaintiff.

During the performance of the contract plaintiff wrote to the Government's contracting officer requesting a deviation from the specifications permitting plaintiff to affix sleeve tabs in parka liners by overedge stitching instead of single stitching. The contracting officer replied in writing:

"It is advised that permission is granted to use the alternate method, i. e., catching the sleeve tabs in the overedge stitching on the bottom of the sleeves, providing same is accomplished at no additional cost to the Government, and further providing that all other operations meet specification requirements."

The contract was completed in December 1953 and plaintiff was soon after paid the amount originally stipulated as cost to the Government. On February 15, 1957, plaintiff received a letter from a successor contracting officer asking cost figures with respect to the deviation. Plaintiff had by that time gone out of business and was unable to supply the data. The new contracting officer, by the use of hypothetical evidence, determined that a saving of $4,875.60 ought to have been made. On appeal to the Armed Services Board of Contract Appeals the amount was reduced to $1,919.16. Plaintiff paid that amount and now brings this suit for its recovery.

Plaintiff asked in substance for a change in the contract. The deviation which plaintiff asked for would be either a breach or a change. A deviation on consent is a change. Plaintiff's request naturally did not include a request for a reduction in the price. The contracting officer granted permission to do the work in the manner requested. He thus consented to a change. The changes article in the contract provided that, if the change caused "an increase or decrease in the cost", he had power to agree with plaintiff on an equitable adjustment. The changes article manifestly contemplated the possibility of changes that did not cause an increase or decrease in cost. The contracting officer thus had power to agree with plaintiff that the changes did not cause an increase or decrease in cost. Plaintiff might have said that it thought that it ought to have an increase in the price and the contracting officer might have said that there ought to be a decrease in the price. The contracting

officer expressly raised the question by conditioning his permission upon accomplishing the change without additional cost. This must be construed as a consent to a change which did not cause "an increase or decrease in the cost".

■■ The construction of the written instruments signed by the parties is clearly a question of law and is thus open even though decided by the contracting officer and the Board of Contract Appeals. The question remains whether it was raised below. The opinion of the Board on page 3 quotes plaintiff's letter of appeal as saying "it was understood by the agency that no 'savings' could be effected by any of the deviations as evidenced by letter to the contractor dated June 12, 1953 wherein it is noted 'at no additional cost to the Government' * * *."

Failure to allege error of law by the Board in plaintiff's complaint is immaterial under Rosen v. Texas Co., D.C.S.D. N.Y., 161 F.Supp. 55.

Judgment is directed in favor of plaintiff in the sum of $1,919.16.