**COLD GUARD CORP., Plaintiff,**

v.

**REPUBLIC ALUMINUM CO., Inc., Defendant.**

United States District Court
S. D. New York.

May 26, 1965.

Mackler Brothers, New York City, Seymour Mackler, New York City, of counsel, for plaintiff.

Siwek, Zimmerman, Silberkleit & Kassow, White Plains, for defendant.

TENNEY, District Judge.

The defendant moves herein (1) to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and (2) in the alternative for a more definite statement in six separate respects, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

■ Plaintiff is suing for treble damages alleged to have resulted from a violation of Section 2 of the Robinson-Patman Act, 15 U.S.C. § 13. The complaint alleges that the plaintiff now is and at all the times set forth in the complaint "has been engaged in the business of selling, installing and erecting aluminum

windows and screens for industrial, commercial and household use" (Complaint, ¶ Fourth); that defendant at all the times set forth in the complaint "has been engaged in the business of manufacturing and selling aluminum windows and screens at wholesale, for industrial, commercial and household use, and sells the said products in various States of the United States, in interstate and intrastate commerce" (Complaint, ¶ Fifth); that defendant has unlawfully discriminated via lower prices, allowances, discounts and credits in the sale of aluminum windows and screens of like grades, and quality, to other purchasers similarly situated to plaintiff, for resale in the States of New York, New Jersey, Connecticut and other States in the United States; and that said discrimination has "substantially lessened competition and tended to injure, destroy and prevent competition between the plaintiff and other customers of the defendant, receiving the benefits of such discrimination" (Complaint, ¶ Seventh).

Plaintiff further alleges that as a result of defendant's practices it was "necessary to sell and plaintiff did sell a large part of the aforesaid aluminum windows and screens at lower prices than it otherwise would have done in order to compete with defendant's favored customers." (Complaint, ¶ Ninth.)

The complaint then states that as a result of defendant's conduct "it has been deprived of the earnings and profits it would have earned and received except for defendant's unlawful practices * * *" (Complaint, ¶ Tenth.)

The General Rules for Pleading set forth in Rule 8(a) of the Federal Rules of Civil Procedure provide that: "A Pleading which sets forth a claim for relief * * *, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems

himself entitled. Relief in the alternative or of several different types may be demanded."

"In Conley v. Gibson [355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)], the Supreme Court emphasized the proper role of pleadings in this manner:

' * * * the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.' "

2 Moore, Federal Practice ¶ 8.02 at 1611 (2d ed. 1964).

In David v. Sinclair Ref. Co., 25 F.R.D. 190, 191–92 (S.D.N.Y.1960), which involved a suit similar to the one at bar, Judge Bicks, in denying a motion to dismiss, stated:

"The Federal Rules were adopted with a view to simplifying the office of a pleading and avoiding lengthy pretrial disputes and delays, but, as one Court recently stated, 'even after a score of years of experience it is still doubtful just how much a complaint must state to avoid dismissal.' Rosen v. Texas Co., D.C.S.D. N.Y.1958, 161 F.Supp. 55, 57. The rule in this Circuit, however, is that actions for treble damages, the so-called 'big cases', require no more particularized pleading than any other action. Niagara of Buffalo, Inc. v. Niagara Mfg. & Distributing Corp., 2 Cir., 1958, 262 F.2d 106; New Home Appliance Center Inc. v. Thompson, supra, [10 Cir.,] 250 F.2d [881] at page 883; Nagler v. Admiral

Corp., supra, [2 Cir.,] 248 F.2d [319] at page 323; Package Closure Corp. v. Sealright Co., 2 Cir., 1944, 141 F.2d 972, 979. What is required by Rule 8(a), F. R.Civ.Proc., 28 U.S.C., is a 'short and plain statement of the claim showing the pleader is entitled to relief.' "

The thrust of defendant's motion to dismiss is based on the following:

(1) that plaintiff has failed to allege ultimate facts demonstrating that his cause of action lies within Section 2 of the Clayton Act;

(2) that plaintiff has failed to allege ultimate facts which show—(a) that the same seller made at least two specific contemporaneous sales of goods of like grade and quality to different purchasers; (b) that at least one of these sales was in interstate commerce; (c) that the alleged price discrimination affected the public interest in that such discriminatory prices tended to lessen competition or create a monopoly; (d) that plaintiff was in competition with the particular "favored dealers", and (e) that as a result of the alleged illegal price discrimination plaintiff sustained injury;

(3) that plaintiff's allegations concerning the interstate character of defendant's business and sales incident thereto are conclusory statements and insufficient to confer jurisdiction on this Court;

(4) that the complaint is utterly devoid of any allegations concerning specific sales;

(5) that plaintiff has failed to allege facts showing that the effect of the alleged discrimination may be to lessen competition;

(6) that there has been a failure to detail how or to what extent an alleged difference in price injured, destroyed or prevented competition between plaintiff's business and that of any or all of the favored dealers;

(7) that plaintiff has not set forth factual allegations that demonstrate the prejudicial nature of defendant's conduct to the public good as distinct from a purely personal or private wrong;

(8) that plaintiff has not illustrated prejudice to public good nor specific injury to himself arising out of the proscribed acts of the defendant; and

(9) that the complaint fails to state the precise nature of the damages, their causal relationship to acts of the defendant, and fails to set out the competitive relationship between plaintiff and the alleged favored customers.

In summary, defendant would require plaintiff to set forth in its complaint the ultimate facts demonstrating that its cause of action comes within Section 2 of the Clayton Act, relating specifically to the interstate character of defendant's business and sales, that the price discrimination affected the public interest, as a result of the illegal price discrimination plaintiff sustained injury, specific sales, facts showing lessening of competition, details as to how price differential destroyed competition between plaintiff's business and that of the favored dealers, and a precise delineation of damages.

A fair reading of the complaint belies the assertion that plaintiff has not given the defendant notice of its claim including the above listed facts, with the exception of specific sales.

Plaintiff is not required to supply the requested information in an amended complaint, and the motion to dismiss is denied.

" * * * [T]he notion that a complaint must contain facts sufficient in themselves to constitute a cause of action has been consistently and emphatically rejected." Walden, The "New Rules"— In New Mexico Some Disenchantment in the Land of Enchantment, 25 F.R.D. 107, 111 (1960).

" * * * Under the law in this circuit * * * it is not necessary that a complaint allege all of the ultimate facts which the plaintiff would have to prove in order to succeed. A complaint may be dismissed only if it fails to disclose adequate information as to the basis of the

claim for relief or if it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Rosen v. Texas Company, D.C.S.D.N.Y., 161 F. Supp. 55, 57." Prudential Ins. Co. of America v. Insurance Agents' Int'l Union, 169 F.Supp. 534, 536 (S.D.N.Y.1959) Accord, Westheimer v. Bennett, 172 F. Supp. 294 (S.D.N.Y.1959).

"If the complaint states a claim in terms clear enough to enable the defendant to file a responsive pleading, that is sufficient. The rule is no different in antitrust cases." Paul M. Harrod Co. v. A. B. Dick Co., 204 F.Supp. 580, 584 (N. D.Ohio 1962), and cases cited therein.

After a fair reading of the complaint it cannot be said that the pleading fails to disclose adequate information as a basis of the claim for relief or that it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.

Accordingly, defendant's motion to dismiss must be denied.

Defendant's second motion seeks a more definite statement to answer the complaint which it claims is pleaded in the broadest of general language, making an answer except by bare denials most difficult.

Specifically, defendant claims that plaintiff's allegation that defendant is engaged in interstate commerce is conclusory in character and therefore is insufficient. Paragraph Fifth of the complaint states: "That the defendant at all the times herein set forth has been engaged in the business of manufacturing and selling aluminum windows and screens at wholesale, for industrial, commercial and household use, and sells said products in various States of the United States in interstate and intrastate commerce."

Paragraph Seventh, in part, states: "* * * [D]efendant has sold aluminum windows and screens of like grades and quality to other purchasers similarly situated to plaintiff, for re-sale in the States of New York, New Jersey, Connecticut and other States in the United States * * *."

Paragraph Fifth, which should be read together with Paragraph Seventh, clearly indicates the interstate character of defendant's business. Similar allegations of interstate commerce have been accepted and approved in this Circuit. See Rosen v. Texas Co., 161 F.Supp. 55, 57–58 (S.D.N.Y.1958); Nagler v. Admiral Corp., 248 F.2d 319 (2d Cir. 1957).

Defendant further urges that Paragraphs Sixth, Seventh and Eighth are totally inadequate because they do not indicate the specific sales or the particular so-called favored dealers. "* * * [S]uch pleading of the evidence [as requested by defendant] is surely not required and is on the whole undesirable. It is a matter for the discovery process, not for allegations of detail in the complaint. The complaint should not be burdened with * * * [many] specific instances; and if it were, it would be comparatively meaningless at trial where the parties could adduce further pertinent evidence if discovered. They can hardly know all their evidence, down to the last detail, long in advance of trial." Nagler v. Admiral Corp., supra, at 326.

Defendant also asserts that Paragraphs Ninth and Tenth do not contain any facts but only plaintiff's conclusions relating to the effect of defendant's alleged unlawful practices.

Paragraph Ninth of the complaint avers that "by reason of defendant's practices and actions, it has been necessary for the plaintiff to sell, and plaintiff did sell a large part of the aforesaid aluminum windows and screens at lower prices than it otherwise would have done in order to compete with defendant's favored customers."

It is alleged in Paragraph Tenth: "That plaintiff, as a result of all of the foregoing, has been damaged in that it has been deprived of the earnings and profits it would have earned and received except for defendant's unlawful practices,

and has sustained damage in a sum presently unknown and in excess of $35,-000."

The allegation of damage is adequate, as "[t]he complaint need not particularize the damage suffered from each particular act, for that is a matter of proof." Hartley & Parker, Inc. v. Florida Beverage Corp., 307 F.2d 916, 921–922 (5th Cir. 1962) and cases cited therein.

Accordingly, defendant's motion for a more definite statement must be denied as "[t]here is nothing here so vague or ambiguous that defendant cannot reasonably be required to frame a responsive pleading." Rosen v. Texas Co., supra, 161 F.Supp. at 58.

The motions to dismiss and for a more definite statement are accordingly denied.

So ordered.