**SAM S. GOLDSTEIN INDUSTRIES, INC., Plaintiff,**

v.

**BOTANY INDUSTRIES, INC., Defendant.**

**No. 68 Civil 3986.**

United States District Court
S. D. New York.

July 22, 1969.

Bader & Bader, New York City, for plaintiff, I. Walton Bader, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendant, Ira M. Millstein, Irving Scher, A. Paul Victor, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Defendant has moved pursuant to Fed.R.Civ.P. 12(b) (6) to dismiss plaintiff's amended complaint essentially for asserted pleading insufficiencies. Alternatively, defendant moves the Court to strike certain allegations as immaterial, Fed.R.Civ.P. 12(f), and to stay this action pending determination of a trademark cancellation proceeding instituted by defendant in the United States Patent Office.

### I.

Plaintiff's amended complaint (amended pursuant to Fed.R.Civ.P. 15(a) ) is structured in three counts [denominated in the amended complaint as "causes of action"]. So much of defendant's motions as are addressed to the third count will be dealt with at the outset because disposition of these segments involves the application of different criteria than does disposition of the branches of defendant's motions which relate to the other counts.

The gist of the third count is relatively simple. Plaintiff is the owner of the registered trademark "WALL STREET" for use upon luggage. Defendant has claimed prior use in that it has assertedly used the common law trademark "THE WALL STREETER BY EARHART" as applied to luggage for may

years prior to plaintiff's first use of its trademark. Defendant instituted a proceeding in the United States Patent Office to cancel plaintiff's trademark as infringing. Defendant is alleged to have informed plaintiff's customers that, upon favorable termination of the Patent Office proceeding, it intends to commence suit for trademark infringement.

Plaintiff contends, *inter alia*, that defendant has "misused" its trademark and violated the antitrust laws, and thus that defendant comes within the "unclean hands" doctrine. It asserts that it has not been able to advance this defense in the administrative proceeding and conduct discovery thereon. In addition, plaintiff contends that it in fact has prior rights to the trademark "WALL STREET", that its use of that mark is not infringing, and therefore that it is entitled to retain its registration and right of exclusive use of that mark upon luggage.

Plaintiff seeks a declaration that plaintiff has rights to the trademark "WALL STREET", that it is entitled to the registration it has secured thereon, and that plaintiff's use of the trademark "WALL STREET" infringes no rights of defendant. Plaintiff also requests an injunction restraining defendant from instituting any action or proceeding which seeks to interfere with plaintiff's use of the trademark "WALL STREET".

■ This count adequately sets forth facts showing that an actual controversy exists respecting the propriety of plaintiff's registration of its trademark, and would thus appear sufficiently to allege a claim arising under the laws of the United States, over which this Court has jurisdiction. 28 U.S.C. §§ 1331(a), 1338(a) (1964). Moreover, section 37 of the Lanham Act, 15 U.S.C. § 1119 (1964), provides that a district court, in any action involving a registered trademark, may determine the right to registration, order cancellation of registration, and restore cancelled registration, of trademarks. Thus, it appears that plaintiff's third count which primarily

seeks a determination of its right of registration, states a claim for relief and cannot be dismissed. This Court would also appear to have pendent jurisdiction over plaintiff's claim that its use of the trademark "WALL STREET" does not infringe defendant's common law trademark, albeit there is no diversity of citizenship. *Cf.* 28 U.S.C. § 1338(b).

■ Defendant's argument that the prior commencement of a cancellation proceeding involving similar issues [the issue of infringement apparently is not directly involved in the Patent Office proceeding, nor is the "misuse" issue] requires dismissal of this count, must be rejected. Quite apart from the fact that plaintiff alleges that it has brought this suit because it has not been able to raise the misuse issue before the Patent Office, defendant has not directed the Court's attention to any authority which would warrant the dismissal of this count, even without prejudice, because similar issues are being litigated before the Patent Office. Had a decision adverse to plaintiff already been rendered by the Patent Office, plaintiff would have the right to bring an action in this Court, raising precisely the same issues. *See* 15 U.S.C. § 1071(b) (1964).

■ While no decision has, as yet, been rendered in the administrative proceeding, the Court does not believe that this circumstance materially alters the situation. The closest analogy would seem to be to the doctrine of primary jurisdiction. The Supreme Court noted at an early stage in the development of this doctrine, that where the case is one which should be resolved preliminarily by the expert administrative agency, the Court should not dismiss the complaint, but should retain jurisdiction and postpone its consideration until after completion of the administrative proceed-

ings. *See* General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 433, 60 S.Ct. 325, 84 L.Ed. 361 (1940). This branch of the motion to dismiss is hereby denied.

■ Defendant, alternatively, asked for a stay of this action pending final determination of the Patent Office proceeding. While it may be commendable before a court is required to rule on the same issues to permit a specialized agency to render its opinion in order to gain the benefit of that administrative expertise, in a registered trademark cancellation action the court must consider the issues, in effect, *de novo*. The only aspects of the Attorney-Examiner's opinion which would be of aid to the Court are his findings of fact regarding priority of use. But these findings would not be res judicata in this case and the evidence which has already been adduced before the Patent Office on this issue would seem to be admissible before the Court and thus there is little value in staying the district court action pending final determination of the administrative proceeding.[1] Moreover, since issues that are not involved in the administrative proceeding are presented by the third count, the Court's grant of the requested stay would merely delay, without compensating benefits, the resolution of these issues. The motion for a stay is hereby denied.

II.

The first count of the amended complaint appears to coalesce claims arising from alleged violations of section 7 of the Clayton Act, 15 U.S.C. § 18 (1964) and section 2 of the Sherman Act, 15 U.S.C. § 2 (1964), apparently on the mistaken belief that the two sections prohibit the same conduct. Plaintiff, in its brief at 7, blithely asserts that a violation of section 7 "would seem automati-

---

1. That the district court should decide the issues presented in the third count without awaiting the determination of the Patent Office proceeding, was apparently recognized by the Attorney-Examiner, who, in an opinion dated De-cember 24, 1968, ordered the administrative proceeding suspended pending final determination of this lawsuit. (Appendix to Affidavit of Maximillian Bader, Esq., sworn to December 31, 1968).

cally to be a violation of § 2 of the Sherman Act."

The complaint alleges that in 1956, defendant, who was engaged in the manufacture, sale and distribution of luggage, acquired the assets of The Baltimore Luggage Company, which had been in "substantial competition" with defendant and which had been a competitor of plaintiff in the sale and distribution of luggage in commerce. Plaintiff then alleges that "competition in the field of luggage was thereafter restrained."

Plaintiff, still within the confines of the first count, proceeds to set forth those allegations respecting the trademark issues raised in the third count and described in Part I of this opinion. Plaintiff concludes with the statement that the asset acquisition and the various activities respecting trademark rights are

> " * * * continuing to substantially restrain competition in the sale of luggage in commerce. The defendant herein is utilizing its commercial and economic power, as set forth, hereinabove, to destroy the business of the plaintiff and to attempt to create a monopoly in the sale of luggage in commerce.

> * * * The above acts on the part of the defendant have substantially lessened competition and also tend to create a monopoly in the sale of luggage. Hence the plaintiff is entitled to seek relief from this court as set forth in § 7 of the Clayton Act."

■ The claims under section 7 of the Clayton Act, and section 2 of the Sherman Act are separate and distinct, notwithstanding plaintiff's contentions that the same acts give rise to violations of both sections. Each, therefore, should have been set forth in a separate count. The Court, in the interest of clarity, will analyze this section of the amended complaint as if the allegations

respecting each charged violation had been set forth in a properly structured complaint.

## A. SECTION 7 OF THE CLAYTON ACT

Section 7 makes unlawful the acquisition by one corporation of the whole or any part of another corporation "where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition or to tend to create a monopoly." 15 U.S.C. § 18 (1964). The only factual allegation pleaded which has any·relevance to this statutory language is that pertaining to the 1956 acquisition by defendant of the assets of The Baltimore Luggage Company. The trademark allegations contained in the first count are immaterial to a claim under section 7 and to the extent that they are pleaded with applicability to this claim, they must be stricken.

Defendant contends that the complaint fails to state a claim based upon section 7 because the allegations applicable to such a claim do not sufficiently plead a violation of that section or establish, *prima facie*, that plaintiff is entitled to relief.

■ This count, in substance, alleges that defendant and The Baltimore Luggage Company, prior to the asset acquisition, were both engaged in the manufacture, sale and distribution of luggage,[2] and that, after the acquisition, competition in the field of luggage was restrained.

Defendant contends that plaintiff failed to plead "assential jurisdictional facts" such as the "section of the country" in which the anticompetitive effects allegedly were felt and the line of commerce involved. Moreover, plaintiff failed to plead "facts concerning the nature of competition in the industry involved, the alleged market positions and

---

2. Defendant, in its brief, states that the allegation that it was engaged in the manufacture, sale, and distribution of luggage prior to 1956 is erroneous. Of course, on a motion to dismiss for failure to state a claim for relief, the allegations of the complaint must be taken as true.

market shares of the acquiring and acquired companies, the alleged level of concentration in the relevant market, or the manner in which the acquisition produced anticompetitive effects." Defendant also asserts that the complaint fails to allege the manner in which plaintiff was injured by the 1956 acquisition.

■ The Court of Appeals of this circuit has stressed the proposition that a complaint charging antitrust violations need not plead "special" facts, but need only disclose adequate information as to the basis of plaintiff's claim for relief. The details of plaintiff's claim must be developed through utilization of the discovery process. Nagler v. Admiral Corporation, 248 F.2d 319 (2d Cir. 1957). Accord Niagara of Buffalo, Inc. v. Niagara Manufacturing & Distributing Corp., 262 F.2d 106 (2d Cir. 1958).

Nevertheless, plaintiff is not free merely to plead the statute. "A mere allegation that defendants violated the antitrust laws as to a particular plaintiff and commodity no more complies with [Federal Rules of Civil Procedure] Rule 8 than an allegation which says only that a defendant made an undescribed contract with the plaintiff and breached it, or that a defendant owns a car and injured plaintiff by driving it negligently." Klebanow v. New York Produce Exchange, 344 F.2d 294, 299 (2d Cir. 1965).

The question thus posed is: Has plaintiff given defendant adequate notice of the facts upon which it bases its claim inasmuch as the amended complaint plainly charges that defendant's 1956 acquisition of the assets of a competitor violates the antitrust laws? Or, contrariwise, has plaintiff failed sufficiently to inform defendant of its claim because the allegations of the complaint concerning the effect of this acquisition are framed in the conclusory terms of

the statute and do not contain any facts —even broadly stated facts—respecting the market share of either defendant or The Baltimore Luggage Company at the time of the acquisition or thereafter, or with respect to the level of concentration in the luggage industry? [3]

■ The Court concludes that the allegations in the amended complaint adequately charge plaintiff with violating section 7 of the Clayton Act because it specifically informs defendant of all those acts which it is called upon to defend. Cf. Klebanow v. New York Produce Exchange, supra. While plaintiff must establish the facts that the acquisition involved the merger of substantial market shares and that the industry was concentrated with entry barriers in order to prove its allegation that competition was restrained by the acquisition, defendant has been given notice that plaintiff claims these "facts" to exist, and the greater detail sought by defendant is a proper inquiry for discovery. If, in fact, the percentages of the respective market shares of the two corporations were such that competition could not possibly have been restrained, and thus that plaintiff's claim is obviously frivolous and devoid of merit, the summary judgment procedure will dispose of this claim without need for trial or continued discovery. Consequently, insofar as the motion to dismiss addressed to this count is based on the insufficiency of the allegations respecting the charged violation of section 7, the motion is denied.

■ However, in order to maintain an action for violation of the antitrust laws, plaintiff must set forth, in addition to allegations charging a violation of the antitrust laws, facts showing that plaintiff was thereby injured. 15 U.S.C. § 15 (1964). See Radiant Burners, Inc. v. People's Gas, Light & Coke Co., 364

---

3. Plaintiff has sufficiently pleaded the line of commerce as "luggage", and the failure to allege the relevant market (which is not a necessary "jurisdictional" allegation) apparently is not a pleading defect. See Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 474, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Paul M. Harrod Co. v. A. B. Dick Company, 204 F.Supp. 580, 584 (N.D.Ohio 1962).

U.S. 656, 660, 81 S.Ct. 365, 5 L.Ed.2d 358 (1961). This plaintiff has failed to do.

▮ The complaint alleges that the acquisition restrained competition. This charge, however, merely pleads injury to the public; and plaintiff cannot found his claim on injury to the public generally. *E.g.*, Clune v. Publishers' Association, 214 F.Supp. 520, 525 (S.D.N.Y.), *aff'd on the opinion below,* 314 F.2d 343 (2d Cir. 1963).

The complaint contains no allegations respecting actual damages sustained by plaintiff as a result of the section 7 violation. The only allegation of injury is found in paragraph THIRD and is a general allegation that the lawsuit is brought pursuant to the antitrust laws by a "party injured." This allegation is plainly insufficient because it furnishes defendant "not the slightest clue" as to what injury occurred to plaintiff as a result of defendant's alleged acts. *Cf.* Klebanow v. New York Produce Exchange, *supra* 344 F.2d at 299.

▮ While the complaint need not particularize the damage suffered as a result of the claimed violation, Hartley & Parker Inc. v. Florida Beverage Corporation, 307 F.2d 916, 921 (5th Cir. 1962), plaintiff must still describe, at least in general terms, the mode of injury, the nature and extent of loss.

An allegation respecting damage also appears in paragraph FIFTEENTH. This paragraph charges that defendant is utilizing its commercial and economic power, as before described, "to destroy the business of plaintiff" and to attempt to create a monopoly in the sale of luggage. This paragraph, however, manifestly relates to the claim arising from a violation of section 2 of the Sherman Act, and cannot be read as alleging the results of the 1956 acquisition.

Because plaintiff has failed to plead, in an adequate form, that it was damaged as a result of the alleged violation of section 7, the motion to dismiss the amended complaint must be granted insofar as it was addressed to this claim.

Defendant advances two other grounds in support of its motion which, if sustained, would dispose of plaintiff's claim under section 7 on the merits and render academic the question of further amendment.

▮ Firstly, defendant suggests that the section 7 claim cannot be maintained because there is no private cause of action for damages based upon a violation of section 7 of the Clayton Act. It cites Gottesman v. General Motors Corporation, 221 F.Supp. 488 (S.D.N.Y. 1963), *cert. denied,* 379 U.S. 882, 85 S. Ct. 144, 13 L.Ed.2d 88 (1964), which held that there can be no claim for money damages arising from a violation of section 7 because plaintiff could not, in fact, have sustained damage as a result of a *potential* restraint of trade—all that is necessary to constitute a violation of that section. 221 F.Supp. at 493. *Accord* Highland Supply Corporation v. Reynolds Metals Co., 327 F.2d 725, 728 n. 3 (8th Cir. 1964), *on remand,* 245 F. Supp. 510 (E.D.Mo. 1965); Bailey's Bakery, Ltd. v. Continental Baking Company, 235 F.Supp. 705 (D.Hawaii 1964).

Prior to the *Gottesman* case, this issue was never dealt with in specific terms by any court although complaints seeking money damages for violation of section 7 were upheld on motions to dismiss for failure to state a claim upon which relief can be granted. *See e. g.,* Ozdoba v. Verney Brunswick Mills, Inc., 152 F.Supp. 136 (S.D.N.Y.1956); Kogan v. Schenley Industries, Inc., 20 F.R.D. 4 (D.Del. 1956).

The *Gottesman* case, itself, was criticized for ignoring the plain language of section 4 of the Clayton Act, 15 U.S.C. § 15 (1964), permitting suits by anyone damaged "by reason of anything forbidden in antitrust laws." Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521 (S.D.N.Y. 1965); Comment, 64 Colum. L.Rev. 597 (1964); *cf.* Dailey v. Quality School Plan, Inc., 380 F.2d 484, 488 (5th Cir. 1967).

Moreover, its reasoning is inapplicable to this case in that plaintiff here alleges

that the 1956 acquisition was unlawful because it in fact restrained competition, not merely because it had that potential. If plaintiff can prove actual restraint, its damages, if proven to result proximally from the actual restraint, would not be speculative. Consequently, the Court concludes that plaintiff here may maintain an action for damages with respect to the section 7 count.

 Defendant also asserts that the claim based on a violation of section 7 must be dismissed because it is barred by the statute of limitations: While the acquisition was completed in 1956, suit was first initiated in 1968—12 years after the claim assertedly arose. Suits based on violation of the antitrust laws are subject to a four-year limitations period. 15 U.S.C. § 15b (1964).

Defendant's argument is predicated on the hypothesis that the claim arose when the acquisition was completed. Defendant's violation of section 7 gives rise to a claim in plaintiff, however, only when plaintiff sustains damage as a result of the violation, e.g., Highland Supply Corp. v. Reynolds Metals Co., 327 F.2d 725, 731 (8th Cir. 1964), which may, or may not, be the time when the acquisition was effected. In view of the fact that the complaint lacks any specific allegation of injury, the Court cannot, at this stage in the proceedings, rule as to when the claim arose and whether it is barred by the statute of limitations.

## B. SECTION 2 OF THE SHERMAN ACT

 The first count of the amended complaint, as previously noted, also appears to attempt to allege a claim for violation of section 2 of the Sherman Act. The complaint charges that defendant is attempting to monopolize the line of commerce denoted as "luggage". The specific acts which constitute the attempt to monopolize and the attempt to destroy plaintiff's business seemingly are asserted to be the 1956 acquisition and the acts relating to the trademark controversy.

### 1. Insufficiency of the Damage Allegations

Preliminarily, the Court observes that this claim suffers from the same defect as the section 7 claim in that plaintiff has not sufficiently alleged actual injury. While plaintiff alleges that the trademark registration cancellation proceeding initiated by defendant "constitutes interference with the business of plaintiff," this allegation gives no greater notice to defendant of the mode of injury sustained than does the general allegation contained in paragraph THIRD that plaintiff is an injured party. Moreover, the phrase "interference with the business of plaintiff" may mean no more than that plaintiff has been required to litigate a claim—a situation which does not necessarily mean "damage" or "injury".

The allegation contained in paragraph FIFTEENTH that defendant is utilizing its commercial and economic power to destroy the business of plaintiff is plainly insufficient because defendant is not thereby informed in what manner its acts have caused injury. Plaintiff must set forth facts showing that defendant's acts actually resulted in plaintiff's having been destroyed, injured, or otherwise adversely affected.

### 2. Insufficiency of the Allegations Charging a Violation of Section 2

Directing its attention to the allegations pertaining to the asserted violation of section 2 of the Sherman Act, the Court concludes that, while defendant has been given adequate notice of the conduct which it must defend, the pleading is nevertheless defective because the amended complaint contains no allegation that defendant has acquired or may acquire monopoly power, nor are there any allegations that the various acts described in the amended complaint were engaged in with the specific intent of destroying or injuring plaintiff. See, e. g., Hiland Dairy, Inc. v. Kroger Company, 402 F.2d 968, 971–972 (8th Cir. 1968); Granader v. Public Bank, 281 F.Supp. 120 (E.D.Mich. 1967).

■ Attempted monopolization requires either a showing that a defendant possessing a significant degree of market power has engaged in a course of conduct which is likely to achieve for it a monopoly in a line of commerce, or a showing that defendant has committed certain commercially unfair acts with the specific intent of destroying or injuring plaintiff and eliminating competition. *See* Times-Picayune Publishing Co. v. United States, 345 U.S. 594, 73 S. Ct. 872, 97 L.Ed. 1277 (1953); Lorain Journal v. United States, 342 U.S. 143, 72 S.Ct. 181, 96 L.Ed. 162 (1951). Because the amended complaint fails to plead all of the necessary elements under either of these formulations, this claim is insufficient and must be dismissed.

## C. SECTION 2 OF THE ROBINSON-PATMAN ACT

■ Plaintiff's second count seeks to set forth a claim under section 2 of the Robinson-Patman Act, 15 U.S.C. § 13(a) (1964). That section makes unlawful price discrimination in interstate commerce between purchasers of goods of like grade and quality where the effect of the discrimination may be substantially to lessen competition, tend to create a monopoly, or to injure, destroy or prevent competition with, *inter alia,* a competitor of the discriminating seller.

### 1. The Motion to Strike

Plaintiff has incorporated by reference into this count all of the substantive allegations contained in the count setting forth claims for violations of section 7 of the Clayton Act and section 2 of the Sherman Act. None of these allegations appears to have any relevance to a claim that defendant made discriminatory sales in commerce, and that the effect of such discrimination may be substantially to injure, destroy, or prevent competition with .plaintiff. Because these allegations are obviously immaterial to the second count now under consideration, the incorporation by reference of paragraphs SIXTH through SEVENTEENTH must be stricken.

Similarly, paragraph TWENTY-THIRD(b), which charges that the cancellation proceeding was unwarranted and commenced in an attempt to destroy the good will stemming from plaintiff's mark, must be stricken.

Plaintiff has also alleged within this count that defendant violated a Federal Trade Commission order which prohibited defendant from selling its luggage with certain price information thereupon. Apparently, this order was directed at a course of fictitious pricing engaged in by defendant. However, the violation of this order has no apparent relevance to the Robinson-Patman Act claim; and this allegation should not be retained in the complaint. If the same facts which allegedly violate the F.T.C. order are deemed material to establish the Robinson-Patman Act claim, only the facts need and should be alleged.

### 2. The Motion to Dismiss

Plaintiff alleges that defendant and it sell luggage to the same customers; that defendant has been selling luggage of like grade and quality at different prices to different customers; that, in order to obtain business from plaintiff's customers, defendant has been giving these customers "unauthorized price discounts"; and that, as a result, plaintiff has been unable to compete with defendant for the business of these customers to plaintiff's damage.

These allegations are no doubt general and conclusory. The only information respecting defendant's conduct which is disclosed is that defendant has offered plaintiff's customers discounts that defendant, apparently, has not offered other purchasers. Unlike the complaint in Nagler v. Admiral Corporation, *supra,* plaintiff has not further identified the allegedly unlawful acts by naming the benefited customers or by describing with some measure of specificity the particular products as to which the allegedly discriminatory discounts were made available or the manner in which the discriminatory transactions effectuated. Nonetheless, the Court con-

cludes that the language and rationale of the *Nagler* decision did not depend on the presence of such allegations in that complaint and, therefore, that the conclusory pleading here is sufficient despite the absence of the above-mentioned information. Defendant may secure the important missing details through the discovery process; or, if their absence makes proper responsive pleading impossible, this count might be an appropriate subject of a motion for a more definite statement. (Fed.R.Civ.P. 12(e)).

Defendant also contends that plaintiff has not pleaded that the discriminatory sales were made in the course of interstate commerce and, consequently, that the amended complaint is jurisdictionally defective. Moreover, it asserts that the amended complaint is insufficiently pleaded because plaintiff has not alleged facts which show that the discrimination may have the effect of lessening competition or that plaintiff's injury is a result of the discrimination and not the low price—*e. g.*, allegations that the discriminatory prices were below cost and supported by profits on other sales.

Though there are cases holding that the complaint must set forth facts showing that the alleged discrimination in price was unlawful in that it may effect the lessening of competition or injury to plaintiff, *see, e.g.,* Crest Auto Supplies, Inc. v. Ero Manufacturing Company, 360 F.2d 896, 901 (7th Cir. 1966); Albert H. Cayne Equipment Corp. v. Union Asbestos & Rubber Co., Inc., 220 F.Supp. 784, 789 (S.D.N.Y. 1963), indicates otherwise. *See also* Cold Guard Corp. v. Republic Aluminum Co., 38 F.R.D. 190 (S.D.N.Y. 1965); Rosen v. Texas Company, 161 F.Supp. 55 (S.D.N.Y. 1958). The particulars of these conclusory allegations, as well, are to be gleaned from the discovery process, or, possibly, through a motion for a more definite statement.

Finally, the Court takes under consideration the question whether a Robinson-Patman Act claim must specfically allege that the discriminatory sales were made in commerce, and whether, in the absence of such allegation, the complaint must be dismissed. There are cases which have required a plaintiff to plead specifically this allegation because it was found to be a jurisdictional element. *See, e.g.,* Willard Dairy Corp. v. National Dairy Products Corp., 309 F.2d 943, 946 (6th Cir. 1962), *cert. denied,* 373 U. S. 934, 83 S.Ct. 1554, 10 L.Ed.2d 691 (1963); Shoenberg Farms, Inc. v. Denver Milk Producers, Inc., 231 F.Supp. 266, 267 (D.Colo. 1964); Albert H. Cayne Equipment Corp. v. Union Asbestos & Rubber Co., Inc., *supra.*

It has also been held, however, that inference may satisfy this requirement where it is alleged that the defendant is engaged in commerce, as here pleaded. Rosen v. Texas Company, *supra.* Since a second amended complaint must be filed in any event (*see* Part III *infra*), the Court will require plaintiif to plead, if it is able, that the discriminatory sales were made in interstate commerce.

## III.

The Court has concluded (Part II *supra*) that the count asserting a claim arising from an alleged violation of section 7 of the Clayton Act must be dismissed for failure adequately to plead all of the elements of that claim. Similarly, the Court has determined that the count asserting a claim arising from an alleged violation of section 2 of the Sherman Act is insufficiently pleaded. Nothing has been presented to the Court which would indicate plaintiff's inability to cure these defects. Consequently, while the Court will dismiss those counts which fail to state a claim for relief, [the first cause of action in the amended complaint], the Court also grants plaintiff leave to file, within twenty (20) days from the date of the filing of this opinion, a second amended complaint, the substance of which shall comply with the rulings of the Court, and the form of which shall be in accord with the views expressed in the course of this opinion.

To the extent that the Court's denial of defendant's motion for a stay of the instant action requires findings of fact and conclusions of law, Fed.R.Civ.P. 52(a), the foregoing opinion shall constitute same.

So ordered.