**ISIDOR WEINSTEIN INVESTMENT CO., a corporation, et al., Plaintiffs,**

v.

**The HEARST CORPORATION et al., Defendants.**

**CIRCLE STAR THEATRE et al., Plaintiffs,**

v.

**The HEARST CORPORATION et al., Defendants.**

**Nos. 51069, 52214.**

United States District Court, N. D. California.

March 30, 1970.

The Court has considered the motion to dismiss the amended complaint in *Isidor Weinstein,* and a motion to dismiss for the first time in *Circle Star,* in light of developments in this area of the law since the motion to dismiss in *Isidor Weinstein* was originally granted by Judge Harris, namely, the recent decisions of Gottesman v. General Motors Corp., 414 F.2d 956 (2d Cir. 1969), reversing Gottesman v. General Motors Corp., 221 F.Supp. 488 (S.D.N.Y.1968), and Kirihara v. Bendix Corp., 306 F. Supp. 72 (D.Hawaii 1969).

The law on the issue involved herein is fully and ably discussed in *Gottesman, supra,* and in *Kirihara, supra,* and it is unnecessary to repeat it here. It suffices to say that the Court is in complete agreement with these cases and with the conclusion reached by the Court of Appeals for the Second Circuit in *Gottesman,* when the Court said at 414 F.2d 961:

> "The basis of the [trial court's] ruling was that a section 7 violation can cause no damage because it establishes only that harm was threatened, not that it occurred. But if the threat ripens into reality we do not see why there can never be a private cause of action for damages. If section 7 is designed to prevent acquisitions that 'may' or 'tend to' cause specified harm, such an acquisition may either itself directly bring about the harm or make possible acts that do. We do not say that a section 7 violation must, or even probably will, have that result; but that it may and that plaintiffs should have a chance to prove injury 'by reason of' the violation are persuasive propositions."

Accordingly, it is hereby ordered that defendants' motions to dismiss in the above-entitled cases be, and the same are hereby denied.

---

Broad, Busterud & Khourie, Michael Khourie, San Francisco, Cal., for plaintiffs.

Cooper, White & Cooper, James Brosnahan, San Francisco, Cal., for defendants Chronicle Pub. Co. and San Francisco Newspaper Printing Co., Inc.

McEnerney & Jacobs, Garret McEnerney, II, San Francisco, Cal., for defendants Hearst Corporation and San Francisco Newspaper Printing Co., Inc.

## ORDER

OLIVER J. CARTER, District Judge.

Before the Court are defendants' motions to dismiss the complaints in the two above-entitled actions. The motions to dismiss the complaints in both actions are based on the contention that, as a matter of law, there can be no recovery of treble damages by private parties for a violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This contention has already been presented to Judge Harris of this Court who agreed with the defendants and granted a motion to dismiss with leave to amend. See Isidor Weinstein Investment Co. v. Hearst Corp., 303 F.Supp. 646 (N.D.Cal.1969), reconsideration den., Oct. 6, 1969.