QUAD CITY BUILDERS ASSOCIATION,
Inc., Appellee,

v.

TRI CITY BRICKLAYERS UNION NO. 7, AFL–CIO, et al., Appellants.

Nos. 19972, 19973.

United States Court of Appeals,
Eighth Circuit.

Sept. 25, 1970.

Laurence Gold, Washington, D. C., for appellants in No. 19972; Morton Teitle, Davenport, Iowa, and Marvin S. Andich, Rock Island, Ill., on brief.

George L. Plumb, Chicago, Ill., for appellants in No. 19973; Peer Pedersen

and Dennis J. Eslick, Chicago, Ill., on brief.

Charles D. Lindberg, Cincinnati, Ohio, for appellee; Thomas Y. Allman, Cincinnati, Ohio, and Charles G. Rehling, Davenport, Iowa, on brief.

Before JOHNSEN, Senior Circuit Judge, and VAN OOSTERHOUT and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by all defendants from final judgment determining that defendants are maintaining and administering Tri City Bricklayers Union No. 7 welfare fund in violation of the equal representation requirement of § 302(c) (5) (B) of the Labor Management Relations Act (29 U.S.C.A. § 186(c) (5) (B)) hereinafter called the Act, and from the remedial relief granted. This case was tried by Judge Stephenson without a jury. His memorandum opinion is reported at 302 F.Supp. 1031.

The facts are fully and fairly stated in the trial court's opinion. This action was brought by plaintiff Quad City Builders Association, Inc. (Builders Association), against Tri City Bricklayers Union No. 7, AFL–CIO (the Union), Quad City Association of Mason Contractors (Mason Contractors), and the trustees appointed pursuant to a declaration of trust setting up the welfare fund which was entered into by the Union and Mason Contractors arising out of a collective bargaining agreement entered into by them on April 12, 1967. Such agreement provides for three trustees to be elected by the Union and three trustees to be elected by the Mason Contractors.

Mason Contractors has ten members. Eight of these members are active members of the Union and at times such members serve as employees. Mason Contractors, pursuant to the agreement, elected three trustees, Flaatten, Marolf and Brandt. It is undisputed that Flaatten is an active Union member and that at times he acts as a contractor, and at other times when no contract work is available he serves as an employee. The other two trustees elected by the Mason Contractors are members of that association and are not members of the Union.

Builders Association is composed of general contractors engaged in the building and construction industry in the Quad City area. It bargains collectively with the Union. Builders Association entered into a new collective bargaining agreement with the Union on April 20, 1967, which includes an agreement that employers pay into a "Mutually Agreeable Trust Fund" for welfare purposes fifteen cents per hour for each hour worked by each bricklayer. Builders Association under protest on January 24, 1968, agreed to the Union demand that the trust fund created by the Union and Mason Contractors constitute the "Mutually Agreeable Trust Fund." On the same day it commenced this action. Section 302 imposes civil and criminal liability upon employers who make contributions to employees which do not conform to the provisions of the Act.

The records of the trust fund show that for the year ending April 1968 contributions to the welfare fund were received upon the basis of 320,128 hours of work. Contributions covering 112,628 hours were made by the members of the Mason Contractors. Substantial contributions were made to the welfare fund by members of the Builders Association and contributions were also made by employers who belong to none of the organizations involved in this litigation. Builders Association has no voice in the election of management trustees under the existing agreement between Mason Contractors and the Union.

Jurisdiction in the trial court is established under § 302(e) of the Act.

Each of the parties moved for summary judgment. The record consists of the pleadings, affidavits and depositions. The trial court properly determined that the material facts are not in dispute. The court sustained Builders Association's motion for summary judgment and denied defendants' motion for sum-

mary judgment. A judgment entry was filed on August 19, 1969, after all parties had been afforded an opportunity to make suggestions as to the form of the judgment. The judgment by way of affirmative relief provides:

"1. The defendant Ronald G. Flaatten be and he hereby is restrained and enjoined from serving or acting as an Employer Trustee of the Tri-City Bricklayers Local No. 7 Welfare Fund so long as he also maintains his membership in the Tri-City Bricklayers Union No. 7 and its parent International Union.

"2. The defendants Waldo J. Marolf and Henry Brandt be and they hereby are restrained and enjoined from serving or acting as Employer Trustees of the Tri-City Bricklayers Local No. 7 Welfare Fund unless and until reappointed as provided in paragraph 3 below; and

"3. The defendants and each of them be and they hereby are restrained and enjoined from requesting, demanding, receiving, accepting or agreeing to receive or accept any payments of money from any employer to the Tri-City Bricklayers Local No. 7 Welfare Fund and from expending any funds of said Welfare Fund until such time as (a) employer representative trustees, none of whom are members of the defendant Tri-City Bricklayers Union No. 7 nor its parent International Union, have been mutually appointed by majority vote of all those employer members of the plaintiff Quad-City Builders Association, Inc., and of the defendant Quad-City Association of Mason Contractors, voting together as a group, who contribute to said Welfare Fund and who are not individually members of defendant Tri-City Bricklayers Union No. 7, nor its parent International Union, nor operated by principals who are such members, but excluding from the total number of non-union member employers upon which majority is to be determined by any employer who after notice fails or refuses to vote,

(b) such Trustees have agreed to and have commenced to serve, and (c) the Agreement and Declaration of Trust, effective as of May 1, 1967, has been amended to provide for appointment of Employer Trustees as aforesaid."

The issues presented by this appeal are: (1) Does the requirement of § 302(c) (5) (B) of the Act for equal representation in the administration of the trust fund disqualify Flaatten from serving as an employer trustee? (2) Does the equal representation requirement disqualify members of the Mason Contractors who are active members of the Union and who at times serve as employees and who obtain benefits from the welfare fund from voting for trustees representing the employer?

As clearly pointed out in the trial court's well-reasoned opinion § 302(a) and (b) of the Act prohibits payments by representatives of employers and the acceptance of such payments by the representatives of employees. Exceptions to such broad prohibition are contained in § 302(c). The exception here pertinent reads:

"(c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): *Provided*, That (A) such payments are held in trust for the purpose of paying, either from principal or income or both, for the benefit of employees, their families and dependents, for medical or hospital care, pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance;

(B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund, * * *"

The trust fund here involved is created by written instrument and provides benefits for employees permitted by the statute. The issue in controversy is whether employers and employees are equally represented by trustees in the administration of the fund. The Act, as shown by the portions thereof hereinabove quoted, specifically requires equal representation in the administration of the trust fund on the part of employers and employees. In Arroyo v. United States, 359 U.S. 419, 426, 79 S.Ct. 864, 868, 3 L.Ed.2d 915, the Court observes that Congress in enacting the legislation here pertinent was concerned "with the possible abuse by union officers of the power which they might achieve if welfare funds were left to their sole control."

In Blassie v. Kroger Co., 8 Cir., 345 F.2d 58, 72, we held "to permit the union in any degree to participate in the choice of employer representatives does violence to the statutory standard of equal representation."

The court in Employing Plasterers' Ass'n v. Journeymen, etc., 7 Cir., 279 F. 2d 92, 97, holds that "§ 302 is aimed at the prevention of possible abuse and not at providing a remedy for abuse actually perpetrated."

On the equal representation issue, Judge Stephenson found:

"Considering all the facts of this case, the Court is compelled to hold that this Trust Fund fails to meet the equal representation requirement of § 302(c) (5) (B), 29 U.S.C.A. § 186(c) (5) (B). Under the present circumstances Union domination of the Trust Fund is a very real possibility. Inherent in such domination is the possibility of abuse which § 302 was enacted to prevent. The statutory standard of equal representation under § 302 is a requirement placed upon the parties by law, and to permit the Union 'in any degree' to participate in the choice of employer representations violates this specific standard. Local No. 688, International Brotherhood of Teamsters v. Townsend, 345 F.2d 77, 79 (8th Cir. 1965); Blassie v. Kroger Co., 345 F.2d 58, 72 (8th Cir. 1965)." 302 F.Supp. 1031, 1035.

Such finding is supported by substantial evidence. Under the constitution of both the local and the International Union, members are subject to union discipline. The Union urges that the affidavit of International President Murphy shows that union members when acting as contractors and employers are not considered subject to union discipline. As observed by Judge Stephenson, such exception is not contained in the Union constitution and the interpretation could be readily withdrawn. More importantly, eight of the Mason Contractors are active members of the Union who work at times as employees and in such capacity they are without doubt subject to union discipline.

We are convinced that the court correctly determined that Flaatten should be enjoined from serving as an employer trustee as long as he maintains his membership in the Union. As heretofore pointed out, Flaatten from time to time serves as an employee and in such capacity he is clearly subject to union discipline and domination.

The issue of whether the eight Mason Contractors who are active union members and who periodically serve as employees are entitled to vote for employer trustees presents a more complex problem. Such contractors are at times employers and when so acting make contributions to the trust fund for the benefit of their employees. As employers they would ordinarily be entitled to vote for employer trustees. Under the written plan before us, which was entered into between the Mason Contractors and the Union, the Mason Contrac-

tors control the appointment of management trustees. Since eight of the ten Mason Contractors are union members and at times serve as employees, we agree with the trial court's view that the existing manner of election of management trustees does not conform with the equal representation requirement of the statute. The fact that the trustees made trust benefits available to the Union members of Mason Contractors lends support to this view. This is not a situation where members retain union membership merely for sentimental reasons or for the purpose of preserving benefits previously acquired.

The Mason Contractors contribute less than one-half of the total employer payments to the trust fund. Members of the Builders Association who have made substantial contributions to the fund are given no voice in the election of the management trustees.

We hold that the judgment appealed from should be affirmed to the extent that it enjoins Flaatten from serving as a management trustee so long as he maintains his membership in the Union and that the order enjoining Marolf and Brandt from acting as employer trustees, unless and until reappointed by fair election proceedings which conform to the Act, should be affirmed.

■ We have serious doubt whether the court should impose the method of electing management trustees before the interested parties are afforded an opportunity to get together and attempt to agree upon a plan for selecting trustees which conforms to the equal representation requirement of the statute. Any plan as a minimum requirement should be so designed that active Union members who at times serve as employees do not have a dominant voice in the election of management trustees.

The parties will be given to December 31, 1970, to agree upon a plan for elec-

tion of trustees and to hold an election of trustees under such plan. If an agreed amended plan is adopted, a copy thereof shall be filed with the District Court. If no amended plan is agreed upon and filed with the District Court prior to December 31, 1970, the plan set forth in the trial court's order or any modification thereof that the court deems proper shall be put in effect.

■ In the interim prior to the election of management trustees under a valid election plan and the qualification of such trustees, the present trustees may continue to receive the agreed upon contributions to the trust fund from employers but the trustees shall make disbursements from the fund only to the extent authorized by the trial court upon application after notice to the parties to this litigation.[1]

The judgment is affirmed as modified in the respects above stated and the case is remanded to the trial court for further proceedings consistent with the views herein expressed.

---

1. The trial court in September 1969 entered an order for stay of its judgment pending appeal. Presumably under such order, the contribution of the employers to the trust fund has continued. Nothing appears in the record with respect to disbursements from the trust fund.