CARLSON COMPANIES, INC., et al., Appellants,

v.

The SPERRY AND HUTCHINSON CO., Appellee.

No. 74-1540.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.
Decided Dec. 19, 1974.

See also, D.C., 374 F.Supp. 1080.

John Bodner, Jr., Washington, D. C., for appellants.

William E. Kelly, New York City, for appellee.

Before GIBSON, Chief Judge, and LAY, and STEPHENSON, Circuit Judges.

GIBSON, Chief Judge.

Plaintiff, Carlson Companies, Inc., appeals a grant of summary judgment in favor of defendant, The Sperry and Hutchinson Co., on Count IV of plaintiff's complaint seeking damages and equitable relief for alleged violations of § 7 of the Clayton Act.[1] The District Court determined as a matter of law that no private action for damages was available under § 7 in reliance upon a footnote contained in Highland Supply Co. v. Reynolds Metal Co., 327 F.2d 725, 728 n. 3 (8th Cir. 1964).[2] Other claims remained in the case after summary judgment on Count IV. However, the District Court determined there was no just reason for delay and pursuant to Rule 54(b), Fed.R.Civ.P., directed entry of final judgment on Count IV. Carlson brings this timely appeal.

We are concerned on this appeal only with the legal question as to the availability of a private right of action under §§ 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for alleged Clayton Act § 7 violations. Defendant in its brief has avoided a discussion of this precise issue and has attempted to justify the grant of summary judgment for defendant upon factual grounds not relied upon by the District Court. Obviously the factual grounds are in dispute between the parties, and we decline the invitation to address the factual issues on this record.

■ We hold that a private cause of action under § 4 and § 16 is available for violations of § 7 of the Clayton Act. This conclusion is necessitated by the clear wording of § 4 which reads:

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

Furthermore, it must be noted that Count IV of plaintiff's complaint seeks injunctive relief as well as damages.

---

1. Section 7 of the Clayton Act, 15 U.S.C. § 18, in pertinent part reads:

    No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital and no corporation subject to the jurisdiction of the Federal Trade Commission shall acquire the whole or any part of the assets of another corporation engaged also in commerce, where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly.

2. That note reads:

    We think that any effort to convert Section 7 of the Clayton Act into a *per se* violation of the anti-trust laws so as to give rise to a private right of action under the Clayton Act has been squarely checked by what is said by Mr. Chief Justice Warren in Brown Shoe Co. v. United States, 370 U.S. 294, 82 S.Ct. 1502, 8 L.Ed.2d 510. As interpreted in that case, Section 7 of the Clayton Act does not condemn all mergers, but only those having demonstrable anti-competitive effects. The statute deals with clear-cut menaces to competition, not with accomplished monopolies, presently creating damages to a competitor, which is the *sine qua non* of a private right of action under Section 5 of the Clayton Act.

    Section 7 of the Clayton Act was intended to supplement the Sherman Act and:

    "primarily to arrest apprehended consequences of intercorporate relationships before those relationships could work their evil, which may be at or any time after the acquisition, depending upon the circumstances of the particular case."

    United States v. duPont & Co., 353 U.S. 586, at 597, 77 S.Ct. 872, 1 L.Ed.2d 1057. * * * That no private right of action accrues from such a violation, see: Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656 (9 Cir. 1963); United States v. Continental Can Co., D.C., 217 F.Supp. 761, 767 (1963); United States v. Ingersoll-Rand Co., et al., 218 F.Supp. 530 (W.D.Penna.1963), aff'd 320 F.2d 509 (3 Cir. 1963); Gottesman v. General Motors Corp., 221 F.Supp. 488 (S.D.N.Y.1963).

Section 16 of the Clayton Act [3] explicitly authorizes suits for injunctive relief at the instance of private parties. Zenith Corp. v. Hazeltine, 395 U.S. 100, 130–131, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).

There can be little doubt but that § 7 is an "antitrust law" as that term is used in § 4 and § 16. 15 U.S.C. §§ 15 and 26; Gottesman v. General Motors Corp., 414 F.2d 956 (2d Cir. 1969); Dailey v. Quality School Plan, Inc., 380 F.2d 484 (5th Cir. 1967); New Jersey Wood Finishing Co. v. Minnesota Mining & Manufacturing Co., 332 F.2d 346 (3d Cir.), aff'd 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405 (1964).

The great weight of authority supports allowance of a private action for a § 7 violation. Gottesman v. General Motors Corp., *supra;* Dailey v. Quality School Plan, Inc., *supra;* New Jersey Wood Finishing Co. v. Minnesota Mining & Manufacturing Co., *supra;* Beegle v. Thomson, 138 F.2d 875, 880–881 (7th Cir. 1943).[4]

It is important to note just what this court said in *Highland Supply.* In note three the court said that § 7 of the Clayton Act could not be considered a *per se* violation of the antitrust laws so as to give rise to a private cause of action. Thus the mere *possibility* of harmful effects would not support a damage action under § 4. The court stated that "no private right of action accrues from such a violation," *Highland Supply, supra* 327 F.2d at 728 n. 3, *i. e.,* from the potential anti-competitive effects of an acquisition. The court's statement, read in the limited context of the facts in *Highland Supply,* is not a holding that no violation of § 7 will support a private cause of action. The primary issue in *Highland Supply* was the applicability of the statute of limitations to a vertical integration, and this court's remarks in note three were dicta at best and not controlling in the factual context of the instant case. Whether such an action is supportable is a problem of proof of a specific injury suffered by the plaintiff. *See* Blaski v. Inland Steel Co., 271 F.2d 853, 855 (7th Cir. 1959), wherein the court stated, *quoting* Beegle v. Thomson, *supra* 138 F.2d at 881:

> The mere existence of a violation is not sufficient *ipso facto* to support the action, for no party may properly seek to secure something from another without allegation and proof of facts demonstrating pecuniary loss springing from or consequent upon the unlawful act.

■ An acquisition, the effect of which may be substantially to lessen competition, is a violation of § 7, but to support a private action a plaintiff must show more than the possibility of harm; he must demonstrate some private harm to himself. Bender v. Hearst Corp., 263 F.2d 360, 370 (2d Cir. 1959).

We are concerned by the apparent anomaly in allowing a private right of

---

**3.** Section 16, 15 U.S.C. § 26, reads in pertinent part:

> Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws * * *.

**4.** *See* Calnetics Corp. v. Volkswagen of America, 348 F.Supp. 606, 616 (C.D.Cal.1972); Bay Guardian Co. v. Chronicle Publishing Co., 340 F.Supp. 76, 81 (N.D.Cal.1972); Isidor Weinstein Inv. Co. v. Hearst Corp., 310 F.Supp. 390, 391 (N.D.Cal.1970); Metric Hosiery Co. v. Spartans Indus. Inc., 50 F.R.D. 50, 52 (S.D. N.Y.1970); Kirihara v. Bendix Corp., 306 F.Supp. 72, 80–88 (D.Haw.1969); Metropolitan Liquor Co. v. Heublein, Inc., 305 F.Supp.

946, 948 (E.D.Wis.1969); Western Geophysical Co. v. Bolt Associates, Inc., 305 F.Supp. 1251, 1254 (D.Conn.1969); Sam S. Goldstein Indus., Inc. v. Botany Indus., Inc., 301 F.Supp. 728, 734–735 (S.D.N.Y.1969); Julius M. Ames Co. v. Bostitch, Inc., 240 F.Supp. 521, 525–526 (S.D.N.Y.1965); Rayco Mfg. Co. v. Dunn, 234 F.Supp. 593, 597 (N.D.Ill.1964); *cf.* Blaski v. Inland Steel Co., 271 F.2d 853, 855 (7th Cir. 1959); Bender v. Hearst Corp., 263 F.2d 360, 370 (2d Cir. 1959). *Contra,* Isidor Weinstein Inv. Co. v. Hearst Corp., 303 F.Supp. 646 (N.D.Cal.1969), rev'd, 310 F.Supp. 390 (N.D.Cal.1970); Highland Supply Co. v. Reynolds Metal Co., 245 F.Supp. 510 (E.D.Mo. 1965); Bailey's Bakery, Ltd. v. Continental Baking Co., 235 F.Supp. 705 (D.Haw.1964), overruled in Kirihara v. Bendix Corp., *supra.*

action for damages under § 7 which is basically an incipiency statute. In its consideration of amended § 7 in Brown Shoe Co. v. United States, 370 U.S. 294, 320, 82 S.Ct. 1502, 1521, 8 L.Ed.2d 510 (1962), the Supreme Court noted in regard to § 7 that:

> Taken as a whole, the legislative history illuminates congressional concern with the protection of *competition,* not *competitors,* and its desire to restrain mergers only to the extent that such combinations may tend to lessen competition. (emphasis in original).

It is difficult to visualize circumstances where actual damages are suffered from a probable or threatened lessening of competition, the criteria for a § 7 violation, though, of course, it is readily apparent that damage can easily result from completed illegal acquisitions once the monopoly takes hold. As the Second Circuit reasoned in Gottesman v. General Motors Corp., 414 F.2d 956, 961 (2d Cir. 1969):

> [I]f the threat ripens into reality we do not see why there can never be a private cause of action for damages. If section 7 is designed to prevent acquisitions that "may" or "tend to" cause specified harm, such an acquisition may either itself directly bring about the harm or make possible acts that do.

Thus, it can readily be accepted that any acquisition is likely to create some injury.[5] But it is only anti-competitive injury which § 7 was intended to eliminate, more precisely only the probability of an anti-competitive injury.[6] Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, already provide a remedy for situations of anti-competitive injury incurred as a result of an actual lessening of competition.

■ Plaintiff candidly admits that reliance upon § 7 is made because of the lower standard of proof required to establish a violation. However, while we are concerned with what we view as a misapplication of the statute's primary remedial purpose away from injunctive relief to halt or correct violations in their incipiency toward its use to support private treble damage actions, we can reach no other conclusion but that § 7 is an antitrust law as that term is used in § 4 of the Clayton Act.

■ While the primary thrust of § 7 is to prohibit and thus to forestall anti-competitive and monopolistic acquisitions, there appears to be no rational basis for holding that a completed acquisition violative of § 7 that leads to specific damages cannot be a basis for an action under § 4 of the Clayton Act. As a practical matter it often may be difficult to foresee and evaluate the real impact and effect of an acquisition until the transaction has been completed and the aggregate combine is operating. Although this may provide a double basis for liability in a factual situation that also is violative of § 1 and § 2 of the Sherman Act, the action is not precluded by statutory exception, statutory language, nor the legislative history of the Clayton Act. Of course, only one treble damage recovery is allowable under a given factual situation that would constitute a violation of both § 7 of the Clayton Act and §§ 1 and 2 of the Sherman Act.

■ We therefore think that the proscription of § 4 applies to acquisitions that violate § 7 on completion. Recovery for a violation as alleged in plaintiff's complaint must rest on proof of actual damage, which issue is not before us. We therefore reverse the decision of the District Court granting summary judgment for defendant and remand the case with instructions to reinstate Count IV of plaintiff's complaint.

---

5. See discussion in Kirihara v. Bendix Corp., 306 F.Supp. 72, 85–86 (D.Haw.1969).

6. *See* F.T.C. v. Procter & Gamble Co., 386 U.S. 568, 577, 87 S.Ct. 1224, 18 L.Ed.2d 303 (1967).