487 F.Supp. 1182 (1980)
S. M. ARNOLD, INC., a corporation, Schroeder & Tremayne, Inc., a corporation, and the Sponge and Chamois Institute, Inc., a corporation, Plaintiffs,
v.
UNION CARBIDE CORPORATION, a corporation, Defendant.
No. 78-1143 C (1).
United States District Court, E. D. Missouri, E. D.
April 9, 1980.
*1183 Jerome A. Gross, Jerome A. Gross & Associates, St. Louis, Mo., Frank Susman, Leonard Komen, Susman, Schermer, Rimmel & Parker, Clayton, Mo., for plaintiffs.
G. Carroll Stribling, Jr., Fordyce & Mayne, Clayton, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon plaintiffs' motion to dismiss defendant's second amended counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.
Defendant's first counterclaim, as amended by leave of court, was dismissed without prejudice on September 28, 1979. This Court found the counterclaim defective, both in the conclusory nature of its allegations of acts or intent to monopolize competition and in its failure to fall within the narrow exception to the normal rule protecting access to the courts enunciated by the Supreme Court in California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). Defendant then filed its second amended counterclaim and in response plaintiffs made the motion to dismiss presently under consideration. For reasons similar to those set forth in its earlier opinion, the Court will again grant plaintiffs' motion to dismiss.
The present counterclaim alleges various acts by plaintiffs which it purports to be actionable violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The allegations are two types: Paragraphs 8 through 12 allege acts by plaintiffs calculated to intimidate competitors and thus monopolize and restrain trade in the automotive wash and cloth market. Paragraphs 13 and 14 allege that plaintiffs have initiated legal proceedings, including the present lawsuit, for the purpose of harassing their competitors and monopolizing the automotive washing cloth market. These two groups of allegations are defective for somewhat different reasons and will be given separate treatment.
With respect to the first group of allegations, defendant has again failed to allege anything more than mere conclusions as distinguished from specific monopolistic acts. Central Savings & Loan Assoc. v. Federal Home Loan Bank Board, 422 F.2d 504, 509 (8th Cir. 1970). Furthermore, defendant has failed to plead any substantial causal connection between plaintiffs' acts and whatever injury defendant may have suffered. While defendant's allegations might be a sufficient basis for a valid criminal indictment under the antitrust laws, defendant has not pleaded facts sufficient to give it standing for a civil action. It is simply not enough to plead violation of the Sherman Act and then pray for relief. Suckow Borax Mines Consolidated, Inc. v. Borax Consolidated, Ltd., 81 F.Supp. 301, 305 (N.D.Cal.1948), aff'd 185 F.2d 196 (9th Cir. 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951). Indeed, many of the monopolistic acts alleged are of such an incipient or inchoate nature that it is difficult to imagine how defendant could plead the necessary causation and injury. Suckow Borax Mines, supra, loc. cit., compare Carlson Companies, Inc. v. Sperry & *1184 Hutchison Co., 507 F.2d 959, 962 (8th Cir. 1974) (decided under § 7 of the Clayton Act).
The second group of allegations, involving plaintiffs' initiation of legal proceedings against defendant, differ from allegations in the first amended counterclaim in that these proceedings are claimed to be sham and baseless. But once again, defendant's allegations are insufficient to remove plaintiffs from the protection of the First Amendment guarantee of the right to petition for redress of grievances. United Mineworkers v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); Eastern Railroad President's Conference v. Noerr Motor Freight, Inc., 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). The exception to the Noerr-Pennington doctrine created by California Motor Transport Co. v. Trucking Unlimited, supra, does not apply to the present allegations. The mere fact that plaintiffs may have initiated the present and other actions for monopolistic or anti-competitive purposes does not render their conduct actionable. Noerr Motor Freight, Inc., supra, 365 U.S. at 144, 81 S.Ct. at 533; Central Bank of Clayton v. Clayton Bank, 424 F.Supp. 163, 165-166 (E.D.Mo.1976), aff'd 553 F.2d 102 (8th Cir.), cert. denied 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).
Defendant has misconstrued the California Motor Transport "sham exception" to the Noerr-Pennington doctrine. Without now addressing the merits of plaintiffs' complaint, it may be noted that it was not made without probable cause. On the basis of acts admitted by defendant in its answer and Federal Trade Commission rulings cited by defendant in its memorandum in opposition to plaintiffs' motion for summary judgment, a colorable claim may be made out that defendant has violated the Lanham Act and engaged in deceptive trade practices. See, e. g., Glove City Chamois Co., 53 F.T.C. 112, (1953); Atlantic Sponge and Chamois Corp., 52 F.T.C. 500 (1952). Whether this claim is in fact correct, of course, is a different question, and one not relevant to the present counterclaim. All that matters here is that a good faith claim has been made.
Defendant likewise misconstrues the requirement of repetitive litigation under the California Motor Transport exception. Footnote 6 in Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 635, 97 S.Ct. 2881, 2889, 53 L.Ed.2d 1009 (1977), quoted out of context in defendant's suggestions in opposition to the present motion for the proposition that a single sham lawsuit could form the basis of an antitrust violation under the "sham exception," in fact says quite the opposite when read as a whole. The footnote merely reaffirms, in dictum, the holding of Pennington, Noerr and California Motor Transport that repetitive, sham litigation may constitute an antitrust violation. There is, admittedly, some authority that the number of lawsuits is merely probative and not determinative of a sham situation. See, e. g., Colorado Petroleum Marketers Association v. Southland Corp., 476 F.Supp. 373, 378 (D.Colo.1979). The Court's order today is not inconsistent with these cases. The absence of an alleged repetitive pattern of sham litigation, however, only serves to reinforce the Court's determination that plaintiffs acted in good faith as a matter of law.
Accordingly, there being no indication that defendant is able to make out a claim entitling it to relief, defendant's second amended counterclaim will be dismissed with prejudice.