**911**

Charles W. KYHL, Jr., et al., Plaintiffs,

v.

A-ONE PLUMBING, INC., et al., Defendants.

No. 87-1308 C (6).

United States District Court,
E.D. Missouri.

Feb. 24, 1988.

Greg A. Campbell, Diekemper, Hammond, Sninners & Turcotte, P.C., St. Louis, Mo., for plaintiffs.

John W. Ellinger, Jefferson City, Mo., Frank A. Bussman, St. Louis, Mo., for defendants.

## ORDER AND MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiffs' motion for partial summary judgment, motion to strike insufficient defense and motion to dismiss counterclaims.

Plaintiffs, trustees of various plumbing industry employee benefit funds, bring the

present suit under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to recover allegedly delinquent fringe benefit contributions from defendants A–One Plumbing, Incorporated and Central Missouri Plumbing Company. Plaintiffs represent the Plumbers' Pension Trust for Members and Apprentices of St. Louis Journeymen Plumbers Local No. 35, A.F. of L., the Plumbers' Health and Welfare Trust Fund for Members and Apprentices of St. Louis Journeymen Plumbers Local No. 35, AFL–CIO, and the Plumbers' Vacation and Holiday Trust Funds for Members and Apprentices of St. Louis Journeymen Plumbers Local No. 35, AFL–CIO (collectively "Trust Funds") as well as the Plumbers' Educational Fund ("Educational Fund"). In addition, plaintiff Plumbing Industry Council, a not-for-profit corporation incorporated under the laws of the state of Missouri, seeks to collect payments allegedly due it from defendants for an industry promotion fund.

In response to plaintiffs' complaint, defendants have asserted various defenses and counterclaims. First, defendants allege, both by way of defense and by way of counterclaims, that the Trust Funds and Educational Fund are "union dominated" and as such that plaintiffs are violating Section 302 of the LMRA, 29 U.S.C. § 186, in attempting to collect these funds. Second, defendants allege, by way of counterclaims, that plaintiffs are engaged in a conspiracy and combination in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, et seq. Plaintiffs have now moved (1) to strike defendants' defense as insufficient; (2) for partial summary judgment as to so much of defendants' counterclaims as allege that plaintiffs violated Section 302 of the LMRA in attempting to collect the Trust Funds and Educational Fund; and (3) to dismiss so much of defendants' counterclaims as allege that plaintiffs engaged in a conspiracy in violation of the Sherman Antitrust Act. For the following reasons, the Court grants all of plaintiff's motions.

A. *Motion to Strike and Motion for Summary Judgment*

Section 302 of the LMRA, 29 U.S.C. § 186, generally prohibits payments by representatives of employers and the acceptance of such payments by the representatives of employees. However, exceptions to this broad prohibition are contained in Section 302(c). Specifically, and insofar as it is pertinent here, Section 302(c)(5)(B) authorizes representatives of an employer to make payments to an employee benefit fund where, among other things, "employees and employers are equally represented in the administration of such fund." In their defense and counterclaims, defendants allege that plaintiffs are attempting to compel payments in violation of Section 302(c)(5)(B) as the Trust Funds and Educational Fund are "union dominated" and thus without effective management representation.

■ In support of their motion to strike insufficient defense, plaintiffs contend that such an allegation, even if true, cannot constitute an adequate defense to a collection suit for delinquent fringe benefit contributions. The Court agrees. Simply stated, "unequal representation" cannot excuse an employer's failure to make required contributions to an employee benefit fund. In *National Stabilization Agreement of Sheet Metal Industry Fund v. Commercial Roofing & Sheet Metal*, 655 F.2d 1218 (D.C.Cir.1981), *cert. denied*, 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982), for example, a group of employers attempted to defend against a suit for the collection of delinquent fringe benefit contributions by arguing that their contractual obligation was unenforceable inasmuch as the trust fund at issue violated the "equal representation" requirement. In rejecting such a defense, the court observed that "the primacy of protection for trust beneficiaries in the congressional scheme compels the conclusion that [the employers] may not assert an equal representation defect as a defense to [the trustees'] collection action." *National Stabilization*, 655 F.2d at 1227. If the trust fund did indeed violate the stric-

tures of Section 302(c)(5)(B), the court further observed, the employers could, and should, file suit for injunctive relief under Section 302(e). *Id. See also: Quad City Builders Association v. Tri City Bricklayers Union No. 7*, 431 F.2d 999 (8th Cir. 1970) (although the trust fund violated the equal representation requirement the trustees could continue to receive contributions to the fund); *Thomas v. Reading Anthracite Company*, 264 F.Supp. 339 (M.D.Pa. 1966) (an employer could not refuse to make payments to a health and welfare fund on the basis of an allegation that the employers and employees administering the fund were not equally represented). Accordingly, the Court grants plaintiffs' motion to strike insufficient defense.

■ In support of their motion for partial summary judgment, plaintiffs contend that they are entitled to judgment on defendants' counterclaims insofar as they allege the Trust Funds and Educational Fund are "union dominated" in violation of Section 302 as the allegation of union denomination is clearly refuted by plaintiffs' affidavits and accompanying documentation and that there is thus no genuine issue as to any material fact. Specifically, and by way of the affidavits of John W. Siscel, Charles W. Kyhl, Jr. and Charles R. Finch attached to plaintiffs' motion, plaintiffs demonstrate that the Trust Funds and Educational Fund are each administered by a board consisting of three union trustees and three management trustees and that these management trustees and union trustees are completely independent of each other. Thus, they contend, there is undisputed equality of voting power on the boards as is required by Section 302(c)(5)(B).

Rather than set forth specific facts refuting plaintiffs' position, defendants rely on conclusional allegations to the effect that the voting procedures delineated in plaintiffs' affidavits and accompanying documentation are but a poor reflection of reality. The Court declines to consider such allegations in reaching its decision. *See Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S.

574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (a party opposing a motion for summary judgment "must do more than show that there is some metaphysical doubt as to the material facts"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (a party opposing a motion for summary judgment must set forth specific facts to show that "there is sufficient evidence favoring [it] for a jury to return a verdict for [it]").

In addition, defendants contend that as a matter of law there is no true equality of voting power between the management trustees and the union trustees inasmuch as one group could be outvoted by the other because of absenteeism. Such a contention is without merit. First, because Section 302(c)(5)(B) only requires that the representation of employers be equal to that of employees. *See, e.g., Modern Woodcrafts, Inc. v. Hawley*, 534 F.Supp. 1000, 1011 (D.Conn.1982) ("[t]o guarantee an effective check against union domination of a pension fund's board of trustees, Congress considered it sufficient that the total number of employer trustees equal that of employee trustees"). Second, because the written agreements under which the Trust Funds and Educational Fund are administered explicitly preclude such an occurrence. Under these agreements, whenever there is an unequal number of management and union trustees present at a meeting, the voting power of the group with more trustees is reduced to that of the group with fewer trustees. *See* Affidavit of Charles W. Kyhl, Jr., Section 10.7 of Exhibit A, Section 5.07 of Exhibit C, and Section 5.07 of Exhibit E.

Accordingly, as there is no genuine issue as to any material facts and as plaintiffs are entitled to judgment as a matter of law, the Court grants plaintiffs' motion for partial summary judgment.

B. *Motion to Dismiss Counterclaims*

■ In their counterclaims, defendants broadly allege that plaintiffs are engaged in a conspiracy and combination in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.* In the only

paragraphs of their counterclaims which allege the existence of such a conspiracy and restraint of trade, defendants state:

> That the Plaintiffs and each of them are engaged jointly and in concert and in conspiracy with each other have combined in restraint of trade with Plaintiff Plumbing Industry Council in violation of Title 15 U.S.C. Sec. 1, et seq.

*See* Defendant A–One Plumbing, Incorporated's Counterclaim, ¶ 4; Defendant Central Missouri Plumbing's Counterclaim, ¶ 4. In their motion to dismiss, plaintiffs contend that such a bald assertion is insufficient to state a cause of action under the Sherman Antitrust Act. The Court agrees.

Generally speaking, " '... in pleading a conspiracy in an action such as this, a general allegation of conspiracy without a statement of the facts constituting the conspiracy, its object and accomplishment, is but an allegation of a legal conclusion which is insufficient to constitute a cause of action.' " *Vermilion Foam Products Co. v. General Electric Co.*, 386 F.Supp. 255, 258 (E.D.Mich.1974), *quoting Crummer Co. v. duPont*, 223 F.2d 238, 245 (5th Cir.1955), *cert. denied*, 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755 (1955). *See also: Central Savings & Loan Association of Chariton, Iowa v. Federal Home Loan Bank Board*, 422 F.2d 504, 509 (8th Cir. 1970) ("the failure to specify facts showing any acts or intent to monopolize competition as distinguished from sheer conclusions requires our affirmance of the trial court's disposition of the appellants' antitrust claim"); *S.M. Arnold, Inc. v. Union Carbide Corporation*, 487 F.Supp. 1182, 1183 (E.D.Mo.1980) (antitrust counterclaim dismissed where defendant "failed to allege anything more than mere conclusions as distinguished from specific monopolistic acts").

In the instant case, defendants have merely pled legal conclusions and have altogether failed to plead any facts constituting the conspiracy, its object or its accomplishment. *See Vermilion, supra,* Their counterclaims fail to set forth any allegation as to the nature or purpose of the conspiracy, any assertion of plaintiffs' role in the conspiracy, any assertion as to how plaintiffs "have combined in restraint of trade," any overt acts plaintiffs have undertaken in furtherance of the conspiracy, or any indication of any effect the conspiracy may have had on interstate commerce. In sum, they have failed to allege any of the minimum prerequisites for stating a cause of action under the Sherman Antitrust Act. *See Vermilion*, 386 F.Supp. at 259. Accordingly, the Court will grant plaintiffs' motion to dismiss.

In light of the foregoing,

IT IS HEREBY ORDERED that plaintiffs' motion to strike insufficient defense be and it is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for partial summary judgment as to so much of defendants' counterclaims as allege that plaintiffs violated Section 302 of the LMRA, 29 U.S.C. § 186, in attempting to collect the Trust Funds and Educational Fund be and it is granted.

IT IS FURTHER ORDERED that plaintiffs' motion to dismiss so much of defendants' counterclaims as allege that plaintiffs have engaged in a conspiracy and combination in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*, be and it is granted.